UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) ) ) Case No. 20- 30663 |
| The Roman Catholic Diocese of Syracuse, New York, | ) ) ) Chapter 11 |
| Debtor. | ) ) ) |

## APPLICATION FOR APPOINTMENT OF STRETTO AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE

The Roman Catholic Diocese of Syracuse, New York (the "Diocese") hereby submits this application (the "Application") for the entry of an order substantially in the form attached hereto as **Exhibit A**, appointing Stretto[1] as claims and noticing agent ("Claims Agent") in the Diocese's chapter 11 case *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Diocese relies upon the *Declaration of Travis K. Vandell in Support of Application for Appointment of Stretto as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* (the "Vandell Declaration"), which is attached hereto as **Exhibit B** and incorporated by reference herein. In further support of this Application, the Diocese submits as follows:

## BACKGROUND

1. On June 19, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The

---

[1] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case, and as of the date of this filing, no official committees have been appointed or designated.

2. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Rev. Msgr. Timothy S. Elmer, J.C.L. Regarding Structure and Pre-Filing History of The Diocese and in Support of the Chapter 11 Petition and First Day Pleadings* and the *Declaration of Stephen Breen Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, each of which was filed on the Petition Date and is incorporated herein by reference.

3. Contemporaneously herewith, the Diocese is filing its *Application for Entry of an Order Authorizing the Employment and Retention of Stretto as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "Section 327 Application").

## JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and rule-based predicates for the relief requested herein are 28 U.S.C. § 156(c), and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Northern District of New York (the "Local Rules").

## RELIEF REQUESTED

6. By this Application, the Diocese seeks entry of an order appointing Stretto as its Claims Agent, *nunc pro tunc* to the Petition Date, assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in this Chapter 11 Case.

7. The Diocese has obtained and reviewed engagement proposals from multiple claims and noticing agents to ensure selection through a competitive process. Moreover, the Diocese submits, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in that certain Engagement Agreement annexed hereto as ***Exhibit C*** (the "Engagement Agreement"). Through this Application, the Diocese is seeking approval solely of the terms and provisions as set forth herein and the proposed order attached hereto.

## BASIS FOR RELIEF

8. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the Court, authorizes the Court to use facilities other than those of the office of the clerk of the bankruptcy court (the "Clerk's Office") for the administration of the bankruptcy cases. Specifically, section 156(c) provides that:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28. U.S.C. § 156(c).

9. Section 105(a) of the Bankruptcy Code further provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. The Bankruptcy Court is therefore authorized to utilize outside agents and facilities for notice and claims purposes, provided that the debtor's estate pays the cost of such services. In fact, in recognition of the efficiency gains provided by such outside agents, several bankruptcy courts have by local rule mandated their use in cases with large numbers of notice parties. *See, e.g.*, LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, Rule 5075-1 *Clerk's Use of Outside Services and Agents; Claims and Noticing Agents* (mandating use of outside notice and claims agents in cases with more than 250 creditors and equity security holders); LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, Rule 2002-1 *Notices to Creditors, Equity Security Holders, United States and United States Trustee*, Subpart (f) *Notice and Claims Clerk* (outside agent required in cases with more than 200 creditors or parties in interest); LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, Rule 1007-2 *Claims Registers*, Subpart B *Claims Agent* (required in cases of more than 500 creditors).

11. Here, the Diocese anticipates that there will be more than 200 creditors or other interested entities to be noticed in these cases, including up to 150 or more individuals whose claims relate to alleged instances of abuse and whose names and other identifying information the Diocese is seeking to maintain under seal out of respect for their privacy. Utilization of a Claims Agent will relieve the Court and the Diocese of a significant administrative burden, and will also provide a mechanism by which proofs of claim can be filed confidentially and by which any party

in interest who wishes to effect notice on all creditors, including those whose names and addresses are filed under seal, may do so without the necessity to disclose any confidential identifying information.

12. The Diocese respectfully submits that authorizing the relief requested herein is in the best interests of the Diocese's estate and all parties in interest, and particularly appropriate in this Chapter 11 Case due to not only the large number of creditors and parties-in-interest involved but also due to the confidential nature of many of the claims and claimants' identities.

13. As set forth more fully in the *Diocese's Motion for an Order Authorizing the Diocese to File Portions of Schedule F, the Master Creditor Mailing Matrix, and Other Pleadings and Documents Under Seal*, filed contemporaneously herewith, the Diocese intends to file confidential information related to claims made against the Diocese relating to alleged instances of abuse under seal. The Diocese proposes that, rather than making the entire creditor matrix publicly accessible, any party wishing to effect notice on such claimants should do so by utilizing, at the sole expense of the party seeking to effect such notice, the services of Stretto who will have access to the full creditor matrix and can thereby provide notice to all creditors and parties in interest without disclosing alleged abuse claimant's names or other identifying information in order to protect their privacy. Without the ability to use a Claims Agent for such notice, the only way to protect abuse claimants' privacy would be to place the burden of providing such notice on either the Clerk's Office or Diocese's counsel, which would result in increased costs of administration and peak-workload issues. Additionally, the Diocese anticipates that it will seek to establish a procedure pursuant to which proofs of claim relating to abuse claims may be filed confidentially. Utilizing a third-party Claims Agent such as Stretto will facilitate that effort as

Stretto has systems in place to handle such confidential procedures as opposed to the Clerk's Office whose electronic case management system is designed to provide public access to the claims register.

14. Courts in this circuit regularly approve the appointment of a Claims Agent in large chapter 11 cases. *In re Coyne International Enterprises Corp.*, Case No. 15-31160 (MCR) (Bankr. N.D.N.Y., Aug. 6, 2015) [Docket No. 54]; *In re Agway, Inc.*, Case No. 02-65872 (SDG) (Bankr. N.D.N.Y., Oct. 11, 2002) [Docket No. 38]; *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y., Aug. 7, 2019) [Docket No. 55]; *In re Sizmek Inc.*, Case No. 19-10971 (SMB) (Bankr. S.D.N.Y., April. 4, 2019) [Docket No. 36].

15. In addition, several Diocesan cases with similar facts to this chapter 11 case have utilized the services of a Claims Agent for noticing and claim administration. *See.*, *e.g.*, *In re The Diocese of Buffalo*, *N.Y.,* Case No. 20-10322 (CLB) (Bankr. W.D.N.Y. April 21, 2020) [Docket No. 254]; *In re The Diocese of Rochester*, Case No. 19-20905 (PRW) (Bankr. W.D.N.Y., Nov. 25, 2019) [Docket No. 288]; *In re Archdiocese of Milwaukee*, Case No. 11-20059 (SVK) (Bankr. E.D. Wisc., Jan. 7, 2011) [Docket No. 32]; *Society of Jesus, Oregon Province*, Case No. 09-30938 (ELP) (Bankr. D. Ore., June 25, 2009) [Docket No. 310]; *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (CSS) (Bankr. D. Del., Oct. 21, 2009) [Docket No. 32]; *In re The Catholic Bishop of Spokane a/k/a The Catholic Diocese of Spokane*, Case No. 04-08822 (PCW) (Bankr. E.D. Wash., July 6, 2005) [Docket No. 608]; *In re Roman Catholic Archbishop of Portland Oregon*, Case No. 04-37154 (TMB) (Bankr. D. Ore., October 22, 2004) [Docket No. 473].

## STRETTO'S QUALIFICATIONS

15.     Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as debtors' legal counsel or as official claims and noticing agent in many large bankruptcy cases nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest.

16.     By appointing Stretto as the Claims Agent in this Chapter 11 Case, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administrative burden of processing what may be an overwhelming claims process, and from the administrative difficulties of complying with the confidentiality requirements of this case.

## SERVICES TO BE PROVIDED

17.     The Claims Agent will perform a number of clerical and administrative tasks in this Chapter 11 Case as set forth in the Engagement Agreement and as requested by the Diocese and/or the Clerk's Office, including, without limitation, the following:

  i.   Prepare and serve required notices and documents in these cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Diocese and/or the Court, including (i) notice of any claims bar date, (ii) notices of transfers of claims, (iii) notices of objections to claims and objections to transfers of claims, (iv) notices of any hearings on a disclosure statement and confirmation of the Diocese's plan or plans of reorganization,

7

                including under Bankruptcy Rule 3017(d), (v) notice of the effective date of any plan and (vi) all other notices, orders, pleadings, publications and other documents as the Diocese or Court may deem necessary or appropriate for an orderly administration of these cases;

    ii.    In accordance with any confidentiality protocols established by the Court, prepare and serve notices on any claimants or parties in interest whose names and addresses or other identifying information is filed under seal at the direction, and sole expense, of any party in interest who wishes to effect service or notice on such parties.

    iii.    Maintain an official copy of the Diocese's schedules of assets and liabilities and statements of financial affairs (collectively, "<u>Schedules</u>"), listing the Diocese's known creditors and the amounts owed thereto;

    iv.    Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest (the "<u>Creditor Matrix</u>"); and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and, except as otherwise provided in any Order of the Court requiring such materials to be kept confidential or maintained under seal, make said lists available upon request by a party-in-interest or the Clerk;

    v.    Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

    vi.    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

    vii.    For all notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7)

3562533.3

|      | business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses *provided*, *however*, with respect to any persons whose names and addresses are ordered to be kept confidential and maintained under seal, such list shall contain only a certification that such service was effected at the addresses listed for such parties on the Creditor Matrix, (iii) the manner of service, and (iv) the date served; |
|------|---|
| viii. | Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area; |
| ix.  | Maintain the official claims register for the Diocese (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed, unless such information is required by an order of the Court to be kept confidential and maintained under seal: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), and (vi) any disposition of the claim; |
| x.   | If and to the extent directed by an order of the Court, and subject to any confidentiality restrictions set forth therein, provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge; |
| xi.  | Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims; |
| xii. | Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); |
| xiii. | Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of the Claims Agent, not less than weekly; |

xiv. Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

xv. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

xvi. Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

xvii. Assist in the dissemination of information to the public and respond to requests for administrative information regarding this Chapter 11 Case as directed by the Diocese or the Court, including through the use of a case website and/or call center;

xviii. If this case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to the Claims Agent of entry of the order converting these cases;

xix. Thirty (30) days prior to the close of this case, to the extent practicable, request that the Diocese submit to the Court a proposed Order dismissing the Claims Agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these cases;

xx. Within seven (7) days of notice to the Claims Agent of entry of an order closing this Chapter 11 Case, provide to the Court the final version of the claims register as of the date immediately before the close of these cases; and

xxi. At the close of this Chapter 11 Case, (i) box and transport all original documents, in proper format, as provided by the Clerk's Office, to any location requested by the Clerk's Office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

18. The Diocese anticipates working with a creditor's committee (once appointed) to establish a procedure pursuant to which certain claims may be filed confidentially. Once such procedure is established and approved by the Court, Stretto will make the Claims Register, with

the exception of any portion ordered kept confidential and maintained under seal, open to the public for examination without charge during regular business hours and on a case-specific website maintained by the Claims Agent.

## COMPENSATION

19.  The Diocese respectfully requests that the reasonable and undisputed fees and expenses incurred by the Claims Agent in the performance of the above services be treated as administrative expenses of the Diocese's estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  The Claims Agent agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Diocese, counsel for the Diocese, and, upon request, counsel for any official committees.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

20.  Upon entry of an order approving this Application, the Diocese has agreed to provide Stretto a retainer in the amount of $20,000.  Stretto seeks to first apply the retainer to any prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement.

21.  The Diocese believes that the compensation rates and procedures are reasonable and appropriate for services of this nature and comparable to those charged by other providers of similar services.

22. Stretto will comply with all requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

### **STRETTO'S DISINTERESTEDNESS**

23. To the best of the Diocese's knowledge, and as disclosed in the Vandell Declaration, Stretto (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, except that Stretto was employed by the Diocese prior to the Petition Date as allowed by section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest materially adverse to the Diocese's estate.

24. The Vandell Declaration represents that, to the best of Stretto's knowledge, Stretto is not materially connected with the Diocese, its creditors, other parties-in-interest, the United States Trustee, or any person employed by the Office of the United States Trustee and that to the best of Stretto's knowledge, after due inquiry, Stretto does not, by reason of any direct or indirect relationship to, connection with, or interest in the Diocese, hold or represent any interest materially adverse to the Diocese, its estate, or any class of creditors or equity interest holders with respect to the matter upon which it is to be engaged.

25. With the possible exception of *de minimis* fees and expenses incurred prior to the Petition Date, Stretto is not a creditor of the Diocese.

26. Should Stretto discover any new relevant facts or relationships bearing on the matters described in this Application during the period of its retention, Stretto will use reasonable efforts to file a supplemental declaration promptly.

3562533.3

27. The Diocese has been informed that Stretto will not share with any person or firm the compensation to be paid for services rendered in these cases, except as among employees of Stretto.

28. In further connection with its retention as Claims Agent, Stretto represents, among other things, that:

    i. Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in this Chapter 11 Case;

    ii. By accepting employment in this Chapter 11 Case, Stretto waives any rights to receive compensation from the United States government in its capacity as the notice and claims agent in this Chapter 11 Case;

    iii. In its capacity as the notice and claims agent in this Chapter 11 Case, Stretto will not be an agent of the United States and will not act on behalf of the United States; and

    iv. Stretto will not employ any past or present employee of the Diocese in connection with its work as the notice and claims agent in this Chapter 11 Case.

29. For the reasons set forth herein, the Diocese believes that the employment of Stretto to render the types of services requested herein are necessary, appropriate, and in the best interests of the Diocese's estate. By this Application, the Diocese therefore requests authority to employ and retain Stretto on the terms and conditions set forth herein and in the Engagement Agreement attached hereto.

**COMPLIANCE WITH CONFIDENTIALITY REQUIREMENTS**

30. Stretto represents that it will at all times maintain the confidentiality of any and all information ordered by the Court to be kept confidential and maintained under seal and will not

3562533.3

disclose such information to any person or entity except in accordance with an order of the Court providing for such disclosure.

## NOTICE

31. Notice of this Application will be given to (i) the Office of the United States Trustee for the Northern District of New York, (ii) the Diocese's twenty (20) largest unsecured creditors as set forth in the list filed with the Diocese's petition, (iii) all required governmental agencies and (iv) the Diocese's banks. In light of the nature of the relief requested herein, the Diocese submits that no further notice is required.

## NO PRIOR REQUEST

32. No prior request for the relief sought in this application has been made to this or any other court.

WHEREFORE, the Diocese respectfully requests entry of an order, substantially in the form attached hereto as *Exhibit A*: (a) authorizing the Diocese to retain and employ Stretto as noticing and claims processing agent in this case; and (b) granting such other and further relief as is just and proper.

Dated:  June 19, 2020
       Syracuse, New York

                                         /s/ Stephen Breen
                                         Stephen Breen
                                         Chief Financial Officer

3562533.3