UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of Syracuse,<br>New York,<br><br>Debtor. | Case No. 20-30663<br><br>Chapter 11 |

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

The Roman Catholic Diocese of Syracuse, New York (the "Diocese"), by and through its undersigned counsel, hereby files this application (the "Application") for entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the Diocese to employ and retain Stretto[1] as the Diocese's chapter 11 administrative advisor ("Administrative Advisor"), effective *nunc pro tunc* to the Petition Date (as defined below), in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Diocese and Stretto (the "Engagement Agreement"), a copy of which is attached as **Exhibit 1** to the *Declaration of Travis Vandell in Support of the Diocese's Application for Entry of an Order Authorizing the Employment and Retention of Stretto as Administrative Advisor Nunc Pro Tunc to the Petition Date* the (the "Vandell Declaration"), a true and complete copy of which is annexed hereto as **Exhibit B** and which is incorporated herein by reference.  In support of this Application, the Diocese relies on the Vandell Declaration and respectfully represents as follows:

---

[1] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

## BACKGROUND

1. On June 19, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case, and as of the date of this filing, no official committees have been appointed or designated.

2. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Rev. Msgr. Timothy S. Elmer, J.C.L. Regarding Structure and Pre-Filing History of The Diocese and in Support of the Chapter 11 Petition and First Day Pleadings* and the *Declaration of Stephen Breen Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, each of which was filed on the Petition Date and is incorporated herein by reference.

3. Contemporaneously herewith, the Diocese is filing its *Application for Appointment of Stretto as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* (the "Section 156(c) Application").

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

6. The statutory bases for the relief requested herein are sections 105(a), 327(a), 328(a), 363(b), and 507(a) of the Bankruptcy Code and Rules 2014(a), 2016, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

7. By this Application, the Diocese seeks entry of an order authorizing the Diocese to employ and retain Stretto as its Administrative Advisor in this Chapter 11 Case, effective as of the Petition Date, on the terms and conditions set forth in this Application and in the Vandell Declaration.

## BASIS FOR REQUESTED RELIEF

8. Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases nationwide. *See, e.g., The Diocese of Buffalo, N.Y.,* Case No. 20-10322 (CLB) (Bankr. W.D.N.Y. April 21, 2020); *In re The Diocese of Rochester*, Case No. 19-20905 (PRW) (Bankr. W.D.N.Y. Jan. 8, 2020); *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 19, 2019); *In re Z Gallerie, LLC*, Case No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019); *In re Burkhalter Rigging, Inc.*, Case No. 19-30495 (MI) (Bankr. S.D. Tex. Feb. 6, 2019); *In re Angel Medical Sys., Inc.*, Case No. 18-12903 (KG) (Bankr. D. Del. Jan. 23, 2019); *In re Oklahoma ProCure Mgmt, LLC* Case No. 18-12622 (MFW) (Bankr. D. Del. Dec. 27, 2018); *In re Sancillo Pharmaceuticals Co., Inc.*, Case No. 18-

11333 (CSS) (Bankr D. Del. June 7, 2018); *In re BICOM NY, LLC*, Case No. 17-11906 (MEW) (Bankr. S.D.N.Y. July 20, 2017).

## SERVICES TO BE PROVIDED

9.  Pursuant to the Engagement Agreement, the Diocese seeks to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested:

   a. Assist with, among other things, claims management and reconciliation, plan solicitation, balloting, disbursements, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

   b. Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   c. Assist with the preparation of any amendments to the Dioceses' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

   d. Provide a confidential data room, if requested;

   e. Manage and coordinate any distributions pursuant to a chapter 11 plan;

   f. Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Diocese, the Court or the Office of the Clerk of the United States Bankruptcy Court for the Northern District of New York; and

   g. Perform any other duty or task that falls within the normal responsibilities of an Administrative Advisor at the direction of the Diocese.

10. Stretto's appointment as Administrative Advisor will provide the Diocese with experienced professionals and services that are essential to successful chapter 11 cases. Stretto will coordinate with the Diocese's other retained professionals in these cases to avoid any

4

unnecessary duplication of services. Accordingly, the relief requested in this application is in the best interests of the Diocese's estate and all parties in interest.

### **PROFESSIONAL COMPENSATION**

11. The fees Stretto will charge in connection with providing services to the Diocese are set forth in the Engagement Agreement. The Diocese respectfully submits that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Diocese conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor. The Diocese believes Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Diocese for reasonable expenses in accordance with the terms of the Engagement Agreement.

12. Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and any orders entered in this Chapter 11 Case regarding professional compensation and reimbursement of expenses.

13. Additionally, under the terms of the Engagement Agreement, the Diocese has agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement. The Diocese believes that such an indemnification obligation is customary,

reasonable and necessary to retain the services of an Administrative Advisor in this Chapter 11 Case.

## STRETTO'S DISINTERESTEDNESS

14.  Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Diocese, and, to the best of the Diocese's knowledge, information, and belief, and except as disclosed in the Vandell Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Diocese's estate in connection with any matter on which it would be employed.

15.  Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR REQUESTED RELIEF

16.  Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17.  Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement

6

> for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

18. In light of the size and complexity of this Chapter 11 Case, the Diocese respectfully submits that retaining and employing Stretto pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Diocese's estate and all parties in interest to this Chapter 11 Case. The Diocese also believes that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in this Chapter 11 Case.

19. Contemporaneously herewith, the Diocese is filing the Section 156(c) Application seeking an order appointing Stretto as claims and noticing agent pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of the Bankruptcy Code. The Diocese believes that administration of this Chapter 11 Case may require Stretto to perform duties outside of the scope requested in the Section 156(c) Application. Accordingly, to help manage administrative tasks with respect to the many creditors and other parties in interest that are expected to be involved in the Diocese's Chapter 11 Case, and the complexity of the case, the Diocese respectfully requests the Court enter an order appointing Stretto as its Administrative Advisor pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## **NOTICE**

20. Notice of this Application will be given to (i) the Office of the United States Trustee for the Northern District of New York, (ii) the Diocese's twenty (20) largest unsecured creditors as set forth in the list filed with the Diocese's petition, (iii) all required governmental

agencies and (iv) the Diocese's banks. In light of the nature of the relief requested herein, the Diocese submits that no further notice is required.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this application has been made to this or any other court.

WHEREFORE, the Diocese respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: June 19, 2020
      Syracuse, New York

/s/ Stephen Breen
Stephen Breen
Chief Financial Officer