So Ordered.

Signed this 6 day of November, 2020.

_____

Margaret Cangilos-Ruiz

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____
                                                    )
In re:                                              )
                                                    )       Case No. 20-30663
The Roman Catholic Diocese of Syracuse,             )
New York,                                           )       Chapter 11
                                                    )
                    Debtor.                          )
_____)

**BAR DATE ORDER ESTABLISHING APRIL 15, 2021 AS THE
DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion of The Roman Catholic Diocese of Syracuse, New York (the "Debtor" or

"Diocese") for entry of an order (a) establishing a deadline by which proofs of claim against the

Debtor's bankruptcy estate must be filed; (b) approving the form of a required supplement to

Official Form 410 to be filed by Sexual Abuse Claimants; (c) approving procedures for

maintaining the confidentiality of certain claims; (d) approving the form and manner of notice of

the deadline to file proofs of claim; and (e) granting related relief [Docket No. 118] (the

"Motion");[1] and all objections to the Motion having been resolved or overruled, and it appearing

_____

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that this court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case (the "Chapter 11 Case") and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as stated herein, no other or further notice is ordered to be given; and after due deliberation with sufficient cause established,

It is ORDERED that

1. The Motion is GRANTED as set forth herein.

## Establishment of Bar Date

2. April 15, 2021, at 11:59 P.M. (prevailing Eastern time) is the deadline for all persons and entities, including governmental units and Sexual Abuse Claimants[2], to file prepetition claims in this Chapter 11 Case (the "Bar Date").

## Approval of Proposed Forms

3. The confidential sexual abuse claim supplement (the "Confidential Sexual Abuse Claim Supplement"), Confidentiality Agreement, Bar Date Notice, and Publication Notice, in the forms annexed hereto as **Schedules 1, 2, 3, and 4** respectively, are hereby approved.

---

[2] A "Sexual Abuse Claimant" is any person asserting a Sexual Abuse Claim. For purposes of this Order, the term "Sexual Abuse Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Debtor or any other person or entity for whose acts or failures to act the Debtor is or was allegedly responsible.

## Who Must File Proofs of Claim

4.      Except as provided in the Bankruptcy Code and applicable Bankruptcy Rules as summarized in paragraph 7 of this Order, any person or entity holding a prepetition claim against the Debtor must file a proof of claim, conforming substantially to Official Form 410 in accordance with the procedures described herein, by the Bar Date. The Bar Date applies to all persons and entities (including governmental units), that assert Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including, without limitation, any Sexual Abuse Claims.

5.      Any person or entity who is required to file a proof of claim pursuant to this Order but fails to do so on or before the Bar Date may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case.

6.      **The following persons or entities must file a proof of claim on or before the Bar Date:**

(a)      Any person or entity whose prepetition claim was not listed on the Debtor's Schedules of Assets and Liabilities (as amended) filed in this Chapter 11 Case (the "Schedules"), or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who may be entitled to any distributions to creditors that may be made in this Chapter 11 Case;

(b)      Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

(c)      **Any person who wishes to assert a Sexual Abuse Claim against the Debtor,** regardless of whether such person has previously filed a lawsuit against the Debtor or otherwise has given formal or informal notice of such claims to the Debtor, including any person whose claim may be barred by a statute of limitations in effect as of the Bar Date.

7. **The following persons or entities are not required to file proofs of claim at this time:**

      (a)    Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Syracuse Division, *except that* any person who has asserted a Sexual Abuse Claim should submit a completed Confidential Sexual Abuse Claim Supplement;

      (b)    Any person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

      (c)    Any professionals retained by the Debtor or the Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

      (d)    Any person or entity that asserts an administrative expense claim against the Debtor pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

      (e)    Any person or entity whose claim against the Debtor is allowed by an order of the Court entered on or before the Bar Date; and

      (f)    Any person or entity whose claim has been previously settled or paid in full.

## Procedure for Filing Proofs of Claim

8. **All claimants are directed to submit their proofs of claim to Stretto**, the Debtor's Claims and Noticing Agent, as set forth in paragraphs 9 and 10 below.

9. In order to be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) conform substantially to Official Form 410, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Debtor and/or

the Committee upon request, and (d) be actually received by Stretto, the Debtor's Claim and Noticing Agent, as of the Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofsyracuse or (ii) by delivering an original copy by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Syracuse, New York, Claims Processing c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, Colorado 80238. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. Notwithstanding the foregoing, in the event that a completed proof of claim is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, Syracuse Division, the Clerk of Court shall: (i) mark the document with a date and time of receipt; (ii) maintain a copy of the proof of claim and Confidential Sexual Abuse Claim Supplement under seal pursuant to Local Bankruptcy Rules; and (iii) place the proof of claim and any Confidential Sexual Abuse Claim Supplement in a sealed envelope marked confidential, and transmit the sealed envelope via overnight delivery to Stretto at the address for receipt of proofs of claim above.

10. All claimants shall submit their proofs of claim in substantial conformance with Official Form 410. Any proof of claim asserting a Sexual Abuse Claim (each, a "Sexual Abuse Proof of Claim") should be accompanied by a completed Confidential Sexual Abuse Claim Supplement. A copy of the Confidential Sexual Abuse Claim Supplement is attached hereto as **Schedule 2**. **The failure to submit a completed Confidential Sexual Abuse Claim Supplement with any proof of claim asserting a Sexual Abuse Claim may be the basis for a valid objection to such claim.**

## Establishment of Confidentiality Protocol

11.     The following confidentiality protocol ("Confidentiality Protocol") shall apply to

all Sexual Abuse Proofs of Claim[3]:

(a)     All claimants asserting a Sexual Abuse Proof of Claim should submit such claims directly to Stretto, the Debtor's Claims and Noticing Agent, and to submit with their claim a completed Confidential Sexual Abuse Claim Supplement. Such claims should not be filed with the Court. In the event that a Sexual Abuse Proof of Claim is received by the Court, the Clerk of Court shall (i) mark the document with a date and time of receipt; (ii) maintain a copy of the proof of claim and Confidential Sexual Abuse Claim Supplement under seal pursuant to Local Bankruptcy Rules; and (iii) place the proof of claim and any Confidential Sexual Abuse Claim Supplement in a sealed envelope marked confidential, and transmit the sealed envelope via overnight delivery to Stretto at the address for receipt of proofs of claim above.

(b)     Sexual Abuse Proofs of Claim including any Confidential Sexual Abuse Claim Supplement received by Stretto will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless a Sexual Abuse Claimant affirmatively elects to have their Sexual Abuse Proof of Claim disclosed publicly. Any claim that appears to be a Sexual Abuse Proof of Claim that is filed without the Confidential Sexual Abuse Claim Supplement shall be treated by Stretto as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim. The Confidentiality Protocol is for the sole and exclusive benefit of the persons asserting a Sexual Abuse Claim. Accordingly, any claimant may elect to make information contained in his or her personal Confidential Sexual Abuse Claim Supplement public, even if he or she does not elect to have his or her personal Sexual Abuse disclosed publicly. For the avoidance of doubt, Sexual Abuse Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own sexual abuse or any information disclosed by a Sexual Abuse Claimant in his or her Sexual Abuse Proof of Claim.

(c)     Sexual Abuse Proofs of Claim received by Stretto shall be held and treated as confidential by Stretto, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i.   The Diocese's Bishop, officers, and such other current or former employees who are necessary to assist it in reviewing and analyzing the Sexual Abuse Proofs of Claim. For the avoidance of doubt, any

---

[3] In the event Stretto cannot determine if a proof of claim is asserting a Sexual Abuse Claim, Stretto is directed to treat such proof of claim as being subject to the Confidentiality Protocol until and unless the Court orders otherwise.

person that was disclosed to the Debtor as an individual who had allegedly committed an act of sexual abuse, as well as any person identified as an alleged abuser in a Confidential Sexual Abuse Claim Supplement or who is otherwise acknowledged by the Debtor as someone who committed Sexual Abuse, shall not be an Authorized Person pursuant to this paragraph 11(c)(i); provided, however, the Debtor is authorized to discuss the contents of any Sexual Abuse Proof of Claim with a person identified as an alleged abuser who was not previously disclosed to the Debtor as an individual who had committed an act of sexual abuse for the purpose of conducting an internal investigation and assessing the actual claim by providing any affected Sexual Abuse Claimant, such affected Sexual Abuse Claimant's counsel (if any), and counsel to the Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Debtor receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) day following its receipt of the Disclosure Notice (the "Objection Deadline"), (a) the Debtor may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Committee consents to such disclosure, and (b) the Debtor may make an application to the Court on no less than 24 hours' notice seeking authorization to make such disclosure over the Committee's objection. If no Objection Notice is received prior to the Objection Deadline, the Debtor may make the disclosure set forth in the Disclosure Notice;

ii. Counsel to the Debtor or the Committee retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

iii. Members of the Committee and their individual counsel (after the Sexual Abuse Proof of Claim has been redacted to remove the claimant's name, address, and other information identified in Part 2 of the Confidential Sexual Abuse Claim Supplement, the signature block and any other information which could reasonably be used to personally identify a Sexual Abuse Claimant);

iv. Any Insurance Carriers that provided insurance or reinsurance that may cover the claims described in any Sexual Abuse Proof of Claim, together with their respective successors, reinsurers and counsel;

v. Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Sexual Abuse Claims in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vi. Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

vii. Any person with the express written consent of the Debtor and the Committee, upon 10 business days' notice to the affected Sexual Abuse Claimant(s);

viii. Such other persons as the Court may authorize to access to one or more of the Sexual Abuse Proofs of Claim pursuant to subsequent order; *provided*, *however*, that any such determination shall be made on no less than 7 days' notice to the affected Sexual Abuse Claimant(s), the Committee and the Debtor; and

ix. Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d) Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Sexual Abuse Proof of Claim prior to the execution of a confidentiality agreement substantially in the form attached hereto as **Schedule 2** (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge or District Court Judge. Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Sexual Abuse Proofs of Claim for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Sexual Abuse Proofs of Claim on behalf of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Debtor and the Committee through their respective counsel.

(e) Authorized Parties in possession of any Sexual Abuse Proof(s) of Claim shall keep such Sexual Abuse Proof(s) of Claim confidential and shall not use or disclose any information provided in any Sexual Abuse Proof(s) of Claim except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court, unless the Sexual Abuse Claimant has elected to make his or her Sexual Abuse Proof of Claim public by indicating such consent in Part 1 of the Confidential Sexual Abuse Claim Supplement. Authorized Parties may not contact a witness identified in a Confidential Sexual Abuse Claim Supplement based upon information obtained solely from the Confidential Sexual Abuse Claim Supplement;

(f) Stretto shall assign to each claimant asserting a Sexual Abuse Proof of Claim a unique identifier code and shall maintain a confidential list of the identities of the Sexual Abuse Claimants, their corresponding identifier

code, and their respective Sexual Abuse Proof(s) of Claim. The confidential list of the identities of Sexual Abuse Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Sexual Abuse Claimants pursuant to this Order.

### **Notice of Bar Date**

12.     Within fifteen (15) business days following entry of the Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) notice of the Bar Date, substantially in the form attached hereto as **Schedule 3** and incorporated herein by reference (the "Bar Date Notice"); and (ii) a copy of Official Form 410 (together with the Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) all entities who have filed a notice of appearance in the Debtor's case; (d) all creditors listed in the Debtor's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Sexual Abuse Claimants); (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all entities that have previously filed proofs of claim in the Debtor's Chapter 11 Case; (g) any other persons and entities or their counsel, including governmental units, known to the Debtor as entities who may reasonably be expected to have claims against the estate; and (h) such additional persons and entities as deemed appropriate by the Debtor.  The Bar Date Notice shall provide an internet link to a list of all entities within the territory of the Debtor that may be implicated by the Debtor's Chapter 11 Case, including parishes, schools, entities for which the Bishop serves as president, and sole member entities for which the Bishop is the sole member.

13.     Within fifteen (15) business days following entry of the Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice, (ii) a copy of the Bar Date Order (without exhibits or schedules), (iii) a copy of Official Form 410, and (iv) a Confidential Sexual Abuse Claim Supplement (together with the Bar Date Notice and Bar Date

Order, the "<u>Sexual Abuse Claim Notice Package</u>"), upon each person, or their respective counsel, who, (a) is listed on that portion of the Debtor's Schedule F filed under seal, or (b) to the knowledge of the Debtor as determined after a review of the Debtor's books and records (including documents maintained as confidential files by the Debtor) has (w) filed, or threatened to file, a lawsuit against the Debtor alleging that such Sexual Abuse Claimant was subjected to Sexual Abuse by an individual for whom the Debtor was allegedly responsible; (x) otherwise contacted the Debtor to report that they were subjected to Sexual Abuse by an individual for whom the Debtor was allegedly responsible, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal, in either case where contact information for such person or his or her attorney is included in the Debtor's books and records; (y) been identified to the Debtor as an individual who was subjected to Sexual Abuse by an individual for whom the Debtor was allegedly responsible to the extent contact information for such person or his or her attorney is included in the Debtor's books and records; or (z) previously filed a proof of claim in the Debtor's Chapter 11 Case asserting a claim based on Sexual Abuse. Notwithstanding the foregoing, the Debtor shall not be required to send a Sexual Abuse Claim Notice Package to any person who has previously entered into a settlement with the Debtor regarding a claim based on Sexual Abuse if the Debtor has performed all of its obligations under the terms of such settlement.

14. In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Debtor shall cause a notice in substantially the form attached hereto as **<u>Schedule 4</u>** (the "<u>Publication Notice</u>") to be published as follows, with the actual size, dimensions, font size, spacing, and emphasis not to be diminished from those of the specimen contained in **<u>Schedule 4</u>**:

      a. Once, no later than sixty (60) days prior to the Bar Date, in *The New York Times* (Sunday National Edition), and

b.        Twice, with the first publication no later than sixty (60) days prior to the Bar Date and the second publication no later than thirty (30) days prior to the Bar Date, in *The Post Standard* (Sunday edition)*, The Rochester Democrat & Chronicle* (Sunday edition)*, The Observer-Dispatch* (Sunday edition), *The Press & Sun-Bulletin* (Sunday edition)*, The Albany Times Union* (Sunday edition)*,* and *The Catholic Sun.* The Debtor shall also publish notice twice as set forth herein with the *North Country Catholic* and the *Evangelist.*

15.    In addition to the foregoing publication, the Debtor shall take the following additional measures to disseminate information relating to the Bar Date as soon as practicable following entry of this Order:

a.        Beginning within ninety (90) days of the Bar Date and continuing at least through the Bar Date, the Debtor will cause prominent, one-click links to the General Claim Notice Package and the Sexual Abuse Claim Notice Package to be posted on the case management website maintained by Stretto with such links to be pinned at the top of the website.

b.        The Debtor will establish and maintain, or cause Stretto to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the General Claim Notice Package, the Sexual Abuse Claim Notice Package, or parts thereof.

c.        Beginning within ninety (90) days of the Bar Date and at least through the Bar Date, the Debtor will cause links to the General Claim Notice Package and the Sexual Abuse Claims Notice Package to be prominently posted on the Debtor's website homepage with such links to be pinned at the top of the website. Beginning within ninety (90) days of the Bar Date and every thirty (30) days until the occurrence of the Bar Date, the Debtor shall also post notice of the Bar Date on its Facebook and Twitter accounts, with the most recent Bar Date-related posts pinned to the top of those social media pages.

d.        Within thirty (30) days of the entry of the Bar Date Order and approximately thirty (30) days prior to the Bar Date, the Debtor will issue a press release regarding the Bar Date. Although the Debtor shall consult with the Committee regarding additional print, television, radio, and other media outlets to be provided with the press release, the release shall issue to, at minimum, each of the media outlets listed in paragraphs 14(a) and (b) above.

e.        The Debtor will mail a copy of the Publication Notice to each parish and ministry (except primary and secondary schools) overseen by the Bishop of the Debtor with a request and recommendation to display the Publication

Notice in a prominent place until expiration of the Bar Date and to publish a copy of the Publication Notice in parish bulletins. As directed by the court, the parish bulletins shall include the Publication Notice in every Sunday bulletin during Lent and in the Easter Sunday bulletin.

f. The Debtor will mail a copy of the Bar Date Notice to the following on Diocesean stationery and shall request that each recipient post the Bar Date Notice in a prominent place until the expiration of the Bar Date:

    i. the Attorney General of the State of New York; and

    ii. for each of the counties of Broome, Chenango, Cortland, Madison, Oneida, Onondaga, and Oswego:

        aa. the district attorney's office;

        bb. sheriff's office;

        cc. at least one public health agency (if any); and

        dd. at least one substance abuse agency or hospital (if any).

g. The Debtor shall consult with the Committee to craft an online notice and publication campaign designed to reach potential known and unknown creditors through social media, keyword search targets, search engine marketing, location-based internet advertising, or other mutually acceptable means, to commence on or about February 1, 2021.

16. The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012). Accordingly, the Debtor is authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

17. Nothing contained in this Order is intended or should be construed as a finding as to the validity of any claim against the Debtor, and all parties retain all rights to dispute any claim

on any grounds. All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

18.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

## <u>Schedule 1</u>

## Confidential Sexual Abuse Claim Supplement

**United States Bankruptcy Court**
**Northern District of New York**
Chief Judge Margaret Cangilos-Ruiz
In re Roman Catholic Diocese of Syracuse
Case Number 20-30663

**Confidential Sexual Abuse Claim Supplement**

When submitting your Proof of Claim in this case, the court strongly encourages you to complete this supplemental form, which the court has approved, and include it as an attachment to your claim. Submitting this supplemental form at the outset will help streamline the process of identifying claims and all applicable insurance coverage and expedite a distribution to creditors.

Please read all questions and instructions carefully, and answer to the best of your ability. **If you do not complete and include this supplemental form as an attachment to your filed claim, your failure to do so <u>may be the basis for a valid objection</u> to your claim.**

If you have an attorney, you should complete this form with the assistance of counsel.

Knowingly and fraudulently submitting false information to this court is a crime punishable by fine, imprisonment, or both. 18 U.S.C. §§ 152, 157, 3571.

*(Form begins on the next page)*

## PART 1: CONFIDENTIALITY

The information you share will be kept strictly confidential. You may indicate below that you waive this confidentiality.

However, this form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Committee"), their respective counsel, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize.

Please be assured that these parties have agreed to keep your information strictly confidential.

Check **only one** below:

☐      I wish to keep my identity and this proof of claim CONFIDENTIAL.

☐      I authorize my name, identity and this proof of claim (together with any exhibits and attachments) to be made PUBLICLY AVAILABLE AND PART OF THE PUBLIC RECORD.

Print Name: _____

Sign Name: _____

Print Date:  _____

**If you do not check either box, if you check both boxes, or if you do not provide your name and signature, your claim and this form will remain confidential.**

*(Form continues on the next page)*

**PART 2: IDENTIFYING INFORMATION**

**Sexual Abuse Claimant**

_____

First Name          Middle Initial          Last Name          Suffix (if any)

_____

Mailing Address

_____

City                          State/Province          Zip Code (Postal Code)

(If party is incapacitated, is a minor or is deceased, please provide the address of the legal representative submitting the claim. If you are in jail or prison, list your current address).

Telephone No(s):

Home: _____

Work: _____

Cell: _____

(If you are represented by counsel, you may provide your attorney's work phone number instead of your own.)

Email address: _____

(If you are represented by counsel, you may provide your attorney's email instead of your own.)

Social Security Number (last four digits only): _____

If you are in jail or prison, your identification number and location of incarceration:

_____

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case leave voicemails for you regarding your claim? ☐Yes ☐ No

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case send confidential information to your email? ☐Yes ☐ No

Birth Date: _____

Have you been known by any other names (including maiden name, if applicable)?

_____

b. **Sexual Abuse Claimant's Attorney (if any)**

Attorney & Law Firm Name:

_____

Address:

_____

_____

Telephone & Fax Numbers:

_____

*(Form continues on the next page)*

**PART 3: NATURE OF COMPLAINT**
(Attach additional separate sheets if necessary. If you are filling out this form electronically, please use the program to add more sheets if you need them.)

**NOTE:** *If you have previously filed a lawsuit against the Diocese in State or Federal Court, please attach the complaint and respond to the questions below.*

**a. Who committed the acts of Sexual Abuse against you?** Individuals identified in this section will be referred to as the "abuser" in questions below. If applicable, you may identify more than one abuser. Please provide the complete name(s) of each abuser to the best of your recollection. If you do not know the name(s) of each abuser, please identify them by title, position or other description.

_____

_____

_____

_____

**b. How did you know the abuser?** For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?

_____

_____

_____

**c. If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify such church, parish, school or organization.**

_____

_____

**d. Where did the Sexual Abuse take place?** Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known.

_____

_____

_____

**e. When did the Sexual Abuse take place?** Please be as specific as possible. If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

_____

**f. Do you know how old you were when the Sexual Abuse began and ended?** If you do not recall the exact date, please try to provide as much information as possible, such as the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

**g. Please describe the nature of the abuse.** If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of Sexual Abuse).

_____

_____

_____

**h. Have you experienced injury and/or damages because of the act or acts of Sexual Abuse described above?** Please provide as much detail as possible. For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

_____

_____

_____

**i. Have you ever asserted a claim against the Diocese, or against any entity or individual other than the Diocese (including, but not limited to, any parish, church, school, or other organization) relating to the Sexual Abuse described in this claim?** If you have, please state when you asserted the claim, against whom the claim was asserted, the manner in which the claim was asserted (for example, a complaint made to law enforcement, a lawsuit or demand letter, participation in the Diocese's Independent Reconciliation and Compensation Program ("IRCP") or a similar program sponsored by an entity other than the Diocese, an informal request for compensation, etc.), and the result of such claim (including, for example, whether such claim resulted in a settlement or was adjudicated and, if so, the terms of any non-confidential settlement or the outcome of such adjudication).

_____

_____

_____

**j. Did you tell anyone of the about the Sexual Abuse and, if so, whom did you tell?** If you did tell anyone, what did you tell that person? You do not need to disclose any communications you had with an attorney.

_____

_____

**PART 4: CERTIFICATION**

Under penalty of perjury, I declare the foregoing statements to be true and correct to the best of my knowledge.


Print Name: _____

Sign Name: _____

Date: _____


**If you are signing the claim on behalf of a minor, decedent or incapacitated person, please state your relationship to the Sexual Abuse Claimant below:**

_____

_____

# **Schedule 2**

## **Confidentiality Agreement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, | ) | |
| New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [_____] (the "Recipient"), an Authorized Party pursuant to paragraph 11(c) of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____] [___], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Victim Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.  For purposes of this Agreement, the term "<u>Confidential Information</u>" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent (a) that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Confidential Sexual Abuse Claim Supplement or (b) such information (i) was known to the Recipient prior to being disclosed in a Sexual Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Sexual Abuse Proof of Claim.

3.  Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim or Confidential Information in violation of this Agreement.

4.  Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Roman Catholic Diocese of Syracuse, New York's (the "<u>Debtor's</u>") Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "<u>Permitted Use</u>").

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8.  Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of

Confidential Information contained in the Confidential Sexual Abuse Claim Supplement, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9.  This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: _____, 20_____

By: _____
    Signature

    _____
    Print Name

<u>**Schedule 3**</u>

**Form of Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, | ) | |
| New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF APRIL 15, 2021 DEADLINE
## FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC
DIOCESE OF SYRACUSE, NEW YORK:

PLEASE TAKE NOTICE that the United States Bankruptcy Court for the Northern
District of New York has entered an order establishing **April 15, 2021 at 11:59 p.m.** (prevailing
Eastern time) as the **deadline for all persons and entities, including persons asserting Sexual
Abuse Claims and Governmental Units, to file prepetition claims in this chapter 11 case** (the
"Bar Date Order"[1], with April 15, 2021, the "Bar Date"). The court has approved the form of this
notice.

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS,
INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A
PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY CALLING (612) 335-1831.**

The Roman Catholic Diocese of Syracuse, New York (the "Debtor") filed a voluntary
petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*,
the "Bankruptcy Code") in the Northern District of New York on June 19, 2020 (the "Petition
Date"). Information regarding the Debtor, its business, and other relevant information related to
this chapter 11 case ("Chapter 11 Case") may be obtained at the case management website
maintained by Stretto, the Debtor's Claims and Noticing Agent at:
https://case.stretto.com/dioceseofsyracuse.

Except as described below, the Bar Date Order requires all persons or Entities, including
Governmental Units, that have or may assert prepetition claims of any nature against the Debtor,
including Sexual Abuse Claims, to submit proofs of claim so that they are received by Stretto on
or before the Bar Date. Please note that the terms "Entity," "Governmental Unit," "Claim," and
"Sexual Abuse Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants shall submit a proof of claim in substantial conformity with Official Form 410. If the Debtor has identified you as having a potential Claim, a copy of Official Proof of Claim Form 410 is enclosed with this Notice.

**The court has also adopted a Confidential Sexual Abuse Claim Supplement to assist in evaluating claims premised upon allegations of sexual abuse. All claimants wishing to assert Sexual Abuse Claims should complete and submit with Official Form 410 the Confidential Sexual Abuse Claim Supplement.** If the Debtor has identified you as having a potential Sexual Abuse Claim, a copy of the Confidential Sexual Abuse Claim Supplement is enclosed with this Notice. Failure to submit a completed Confidential Sexual Abuse Claim Supplement with your Sexual Abuse Proof of Claim may be the basis for a valid objection to your claim. If no proof of claim form accompanies this Notice, or if you did not receive the correct proof of claim form, copies of both Official Form 410 and the Confidential Sexual Abuse Claim Supplement may be obtained online by visiting https://case.stretto.com/dioceseofsyracuse, or may be requested by calling (855) 329-4244.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Sexual Abuse Claim" shall mean any Claim against the Debtor resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or

failures to act by the Debtor or any other person or entity for whose acts or failures to act the Debtor is or was allegedly responsible.

I. **WHO MUST FILE A PROOF OF CLAIM PRIOR TO THE BAR DATE**

a. ***The Bar Date*: The Bar Date Order establishes April 15, 2021 at 11:59 p.m. (prevailing Eastern time) as the Bar Date for filing proofs of claim in this case.**

b. ***The Following Persons or Entities Must File a Proof of Claim on or Before the Bar Date:***

    i. Any person or Entity whose prepetition claim was not listed in the Debtor's Schedules of Assets and Liabilities (as amended) filed in this Chapter 11 Case (the "Schedules"), or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

    ii. Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

    iii. Any person who wishes to assert a Sexual Abuse Claim against the Debtor, regardless of whether such person has previously filed a lawsuit against the Debtor or otherwise has given formal or informal notice of such claims to the Debtor.

c. ***The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:***

    i. Any person or Entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Syracuse Division, *except that* any person who has asserted a Sexual Abuse Claim should submit a completed Confidential Sexual Abuse Claim Supplement;

    ii. Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

    iii. Any professionals retained by the Debtor or the Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

iv.    Any person or Entity that asserts an administrative expense claim against the Debtor pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

v.    Any person or Entity whose claim against the Debtor is allowed by an order of the Court entered on or before the Bar Date; and

vi.    Any person or Entity whose claim has been previously settled or paid in full.

## II.    CONFIDENTIALITY OF ABUSE CLAIMS

Pursuant to the Bar Date Order, filed Sexual Abuse Proofs of Claim (including the Confidential Sexual Abuse Claim Supplement) will be treated confidentially in this Chapter 11 Case unless the Sexual Abuse Claimant elects to have his or her claim publicly disclosed. Any Sexual Abuse Proof of Claim that you file will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Bar Date Order.

## III.    CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the Bar Date: may NOT be treated as a creditor with respect to such Claim and may not be entitled to vote on a plan, or to share in any distributions under any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case.  If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the Bar Date.  Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

### RESERVATION OF RIGHTS

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated.  Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

### PROCEDURE FOR FILING PROOFS OF CLAIM

**All claimants are directed to submit their proofs of claim to Stretto, the Debtor's Claims and Noticing Agent**, as set forth below:

To be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected),

and (c) be actually received by Stretto, the Debtor's Claims and Noticing Agent, on or prior to the Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofsyracuse or (ii) **by delivering an original copy by hand, mail or overnight courier to The Roman Catholic Diocese of Syracuse, New York, Claims Processing c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, Colorado 80238.** Proofs of claim sent by facsimile, telecopy, or e-mail will **NOT** be accepted.  In the event that a completed proof of claim is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, the Clerk of Court shall: (i) mark the document with a date and time of receipt, (ii) maintain a copy of the claim and Confidential Sexual Abuse Claim Supplement under seal as provided by the Local Bankruptcy Rules, and (iii) place the proof of claim and any Confidential Sexual Abuse Claim Supplement in a sealed envelope marked confidential and transmit the sealed envelope via overnight delivery to Stretto at the address for receipt of proofs of claim above.

All claimants shall submit their proof of claim in substantial conformity with Official Form 410. All claimants asserting Sexual Abuse Claims should submit with their completed proof of claim, a completed Confidential Sexual Abuse Claim Supplement.  **The failure to include the Confidential Sexual Abuse Claim Supplement with your proof of claim may be the basis for a valid objection to your claim.**  A Sexual Abuse Proof of Claim may only be made on account of Sexual Abuse of an individual.  Any other claim may be asserted as a general proof of claim.

Proofs of claim will be deemed filed when actually received by Stretto.  Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Stretto at the time of submission.  If you wish to receive acknowledgement of Stretto's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## ADDITIONAL INFORMATION

You may be listed as the holder of a Claim in the Debtor's Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim.  Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Clerk's Office, United States Bankruptcy Court for the Northern District of New York, 100 South Clinton Street, 3rd Floor, Syracuse, NY 13261. In addition, copies of the Debtor's Schedules and the Bar Date Order are available on the Stretto case management website at https://case.stretto.com/dioceseofsyracuse for free, or on the Court's website (https://www.nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required).  A list of entities within the territory of the Debtor that may be implicated by the Debtor's Chapter 11 Case, including parishes, schools, entities for which the Bishop is the president, and sole member entities for which the Bishop is the sole member, is available on the Stretto case management website at https://case.stretto.com/dioceseofsyracuse.

Requests for proofs of claim should be directed to Stretto, the Debtor's Claims and Noticing Agent at (855) 329-4244. Stretto is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

## Schedule 4

## Form of Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

***The Roman Catholic Diocese of Syracuse, New York***
Case No. 20-30663

**PLEASE TAKE NOTICE THAT** on June 19, 2020, The Roman Catholic Diocese of Syracuse, New York, ("Diocese") filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**The Bankruptcy Court has established April 15, 2021 at 11:59 p.m. (prevailing Eastern time) as the deadline to file proofs of claim against the Diocese (the "Bar Date").**

**If you have a claim against the Diocese including, without limitation, <u>a claim related to sexual abuse committed by any person connected with the Diocese</u>, you must file a claim on or before the Bar Date with Stretto, the appointed Claims Agent.**

Please visit https://case.stretto.com/dioceseofsyracuse or call (855) 329-4244 for more information on how to file your proof of claim.

**IF YOU DO NOT TIMELY FILE A PROOF OF CLAIM, YOU MAY FORFEIT YOUR RIGHT TO VOTE ON ANY PLAN OF REORGANIZATION AND TO SHARE IN ANY FUTURE DISTRIBUTIONS TO CREDITORS IN CONNECTION WITH THE DIOCESE'S CHAPTER 11 CASE.**