UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
NEW YORK

*In re* The Roman Catholic Diocese of
Syracuse, New York,

    Debtor.

Chapter 11
Case No. 20-30663 (WAK)

## MOTION TO DEEM LATE CLAIM TO BE TIMELY FILED

Comes now, L.M., a victim of sexual assault by Catholic clergy, and for her Motion to Deem Claim Timely Filed, states as follows:

### BACKGROUND

1. Beginning in or about 1978, when L.M. was a minor and continuing through to 1984, L.M. was groomed and mentally and sexually abused repeatedly by a Syracuse dioecian priest. The abuse occurred in the St. James rectory and covenant in Cazenovia, at Our Lady of Lourdes in Syracuse, and other areas in New York.

2. On June 19, 2020, the Roman Catholic Diocese of Syracuse, New York (the Diocese) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 20-30663.

3. On August 3, 2020, in the ongoing midst of the COVID-19 Pandemic, the Governor of New York signed the Child Victims Act into law. The Child Victims Act extends the New York Statute of Limitations for all previously time-barred civil claims based on childhood sexual abuse to August 14, 2021 and set a new statute of limitations for civil claims based on childhood sexual abuse, raising the age from 23 to 55 years old. Additionally, a lookback window created a temporary period during

which people older than 55 could also sue for childhood abuse.

4. On November 6, 2020, this court set a claims bar date of April 15, 2021 for this case.

5. Currently, the Disclosure Statement and Chapter 11 Plan for this case are still awaiting confirmation hearing. On June 15, 2021, this court issued an order extending the Exclusivity Period to file a Chapter 11 plan through September 14, 2021 and extending the Diocese's Solicitation Period to accept acceptances of a Chapter 11 plan through November 16, 2021. Said order was entered specifically without prejudice to the Diocese's right to request further extensions of the Exclusivity Period and Solicitation Period.

## **CLAIM AND BASIS FOR RELIEF**

6. L.M. is now ready to come forward. Contemporaneously with this filing, she is filing her claim in the Diocese's Ch. 11 Bankruptcy Proceedings (through the Stretto claims processing system).

7. As a victim of childhood sex abuse, L.M.'s memories of her trauma are difficult and painful. Her reluctance to bring her claim against the Diocese before this date should be excused.

8. Federal Rule of Bankruptcy Procedure 9006(b) allows the Claims Bar Date to be extended where the failure to timely act "was the result of excusable neglect."

9. In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, the United States Supreme Court, taking note of "the language of the Rule [and] the evident purposes behind it," articulated the standard for what constitutes "excusable

neglect" on an untimely filed Chapter 11 Proof of Claim. 507 U.S. 380, 388 (1993). The Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*

10. The Court contrasted a Chapter 11 claim with a Chapter 7 claim, finding that the aim of Chapter 11 is to "rehabilitat[e] the debtor and avoid forfeitures by creditors," that the emphasis of the Court is not as much on prompt closure as with Chapter 7 claims, and that adopting a "flexible understanding" of excusable neglect is in full "accord [] with the policies underlying Chapter 11 and the Bankruptcy Rules." *Id.* at 389.

11. The Court adopted a four-part test for determining the existence of excusable neglect, noting (a) "the danger of prejudice to the debtor;" (b) "the length of the delay and its potential impact on the judicial proceedings;" (c) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (d) "whether the movant acted in good faith." *Id.* at 395.

12. The Court stressed, however, that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id; see also Chemetron Corp. v. Jones*, 72 F.3d 341, 349-350 (3d Cir. 1995) (stressing that the totality of the circumstances control the excusable neglect inquiry).

13. Furthermore, "[a]ll [of the four] factors must be considered and balanced; no one factor trumps the others." *Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127 (3d Cir. 2005) (citing *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004)).

14. Here, there is no prejudice to the Debtor caused by the belated filing of L.M.'s Proof of Claim. L.M.'s claim against the Diocese remains viable under New York State Law. Further, the brief four-month delay from the bar date is entirely understandable considering the years of psychological pain L.M. has had to navigate as a result of the Debtor's negligence, which are compounded by issues related to the current pandemic.

15. While the Supreme Court's inquiry does assess whether the delay was "within the reasonable control of the movant," L.M. implores this court to consider the policy rationale of the Child Victims Act: trauma, embarrassment, fear of disbelief, and a litany of other factors make it extremely difficult for a victim of childhood sex abuse to come forward (especially when the perpetrator was an authoritative clergy member). This delay can in no way be characterized as bad faith, especially considering the media attention drawn to August 14, 2021 as the "deadline" under the New York Child Victims Act (as well as the claims bar dates set in the other New York Dioceses' bankruptcy proceedings). Deeming L.M.'s claim timely filed will have zero impact on the judicial proceedings other than the inclusion of her claim, as the parties' respective efforts to develop a plan can only be characterized as "ongoing."

16. Respectfully, there is sufficient cause for this court to deem L.M..'s claim timely filed pursuant to Federal Rule of Bankruptcy Procedure 9006(b), and the motion should be granted in all respects.

WHEREFORE, the above-referenced Movant respectfully request that this Court issue an order, deeming her proof of claim to be timely filed; and for such further relief as the Bankruptcy Court deems just and proper.

Dated: New York, New York
       August 27, 2021

                                      By: /s/ Seth A. Dymond
                                            Seth A. Dymond #518189
                                            Belluck & Fox, LLP
                                            546 Fifth Avenue, 5th Floor
                                            New York, New York 10036
                                            Telephone:  212-681-1575
                                            Facsimile:  212-681-1574

                                            *Attorneys for L.M., a child victim of sexual abuse*