UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | Chapter 11 |
| Debtor. | Judge Wendy A. Kinsella |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION
FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AUTHORIZING THE COMMITTEE TO SUBPOENA
THE PRODUCTION OF DOCUMENTS**

The Official Committee of Unsecured Creditors (the "Committee") hereby moves the Court for entry of an order pursuant to Bankruptcy Rule 2004 authorizing the Committee to issue subpoenas compelling the Debtor to produce documents responsive to the document requests attached hereto as **Exhibit A** (the "First Supplemental Requests").

Since filing the *Motion of the Official Committee of Unsecured Creditors Seeking Authority Pursuant to Rule 2004 to Subpoena Documents and Testimony* (the "First 2004 Motion") [Dkt. No. 204], the Committee has worked with the Debtor regarding the production of documents identified in the First 2004 Motion and has received significant documentation. The Committee also made informal requests for the production of documents beyond the scope of the First 2004 Motion. The Committee's hope was that this informal discovery process would help establish a relationship of transparency with the Debtor and obviate the need for the unnecessary involvement of the Court. While the Debtor has produced additional documents in response to the informal requests, the parties have reached an impasse regarding the scope of permitted discovery as it relates to the Debtor's historical accounting information. The Committee therefore seeks Court authorization to obtain such accounting information in light of the Debtor's objection to the

CORE/3520516.0002/176893512.3

production of certain documents on an informal basis. Specifically, for the reasons described herein, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to issue subpoenas compelling the Debtor to produce documents responsive to the First Supplemental Requests, which include requests for the accounting documents at the center of the parties' informal discovery dispute and additional documents the Committee believes is necessary to independently assess the Debtor's assets and liabilities.

## RELEVANT FACTUAL BACKGROUND

1.      On June 19, 2020, the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

2.      On July 9, 2020, the Office of the United States Trustee appointed the Committee in the Debtor's chapter 11 case pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 38].

3.      The Committee filed the First 2004 Motion on November 3, 2020 [Dkt. No. 204].

4.      An initial hearing on the First 2004 Motion was held on December 22, 2020.

5.      Since the initial hearing, the Court has conducted several status conferences during which the Committee and Debtor have provided updates regarding the parties' ongoing discovery efforts.

6.      On January 12, 2022, the Committee filed the *Application to Employ Berkeley Research Group, LLC as Financial Advisor for the Official Committee of Unsecured Creditors* [Dkt. No. 813].

7.      On March 3, 2022, the Court entered its *Order Approving Employment of Berkeley Research Group LLC as Financial Advisor for the Official Committee of Unsecured Creditors* (the "BRG Employment Order") [Dkt. No. 850].

8.      Among other things, the BRG Employment Order authorizes BRG to:

CORE/3520516.0002/176893512.3

- Assist the Committee in reviewing pre-petition transfers of the Debtor's assets

- Assist the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities, including, without limitation, investigation and financial review of alleged donor restrictions, other restricted and unrestricted funds, deposit and loan programs (if applicable), and pooled income or investment funds

- Assist the Committee with the evaluation and analysis of potential claims of the Debtor's bankruptcy estate and any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning property of the Debtors estate.

BRG Employment Order at ¶ 3.

## **JURISDICTION**

1.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicate for the relief requested herein is Bankruptcy Rule 2004.

3.      No prior request for the relief sought in this Motion has been made to this or any other court.

## **RELIEF REQUESTED**

4.      The Committee respectfully requests entry of an order pursuant to Bankruptcy Rule 2004 authorizing the Committee to issue subpoenas compelling the Debtor to produce documents responsive to the First Supplemental Requests.

**BASIS FOR RELIEF**

5.      The Bankruptcy Code charges the Committee with "investigat[ing] the acts, conducts, assets, liabilities, and financial condition of the debtor . . . [and] any other matter relevant to the case or the formulation of a plan." 11 U.S.C. § 1103(c)(2).

6.      Rule 2004(a) provides, that "[o]n motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(a). In addition, Rule 2004 permits a bankruptcy court to order the production of documentary evidence relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Bankruptcy Rule 2004(b) and (c).

7.      Rule 2004 "necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates." *In re Symington*, 209 B.R. 678, 683- 84 (Bankr. D. Md. 1997); *see also In re The Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (Rule 2004's purpose is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed"); *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville)*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (2004 examination may "cut a broad swath through the Debtor's affairs"); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect administration of estate "comfortably falls within the allowed limits under Rule 2004"); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (purpose of Rule 2004 "is to facilitate the discovery of assets and the unearthing of frauds"); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor"); *In re Table Talk, Inc.*, 51 B.R.

143, 145 (Bankr. D. Mass. 1985) (scope of a 2004 examination is "unfettered and broad"); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983) (2004 examination "to a considerable extent [may be] a fishing expedition").

8.      The relief requested by this Motion fits squarely within the scope of Rule 2004.

9.      The First Supplemental Requests are purposefully designed to obtain core financial information the Committee needs to perform its statutory duties and that BRG needs to perform services the Court has authorized. In particular, responses to the First Supplemental Requests will allow the Committee to independently verify the scope of the Debtor's assets and liabilities and ensure that estate assets are maximized for the benefit of survivors of child sex abuse.

10.     The Committee anticipates that it may need to seek discovery beyond the scope outlined in this motion and expressly reserves all rights to seek additional discovery in the future.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting this motion and entering such other and further relief as the Court deems appropriate.

Date: September 23, 2022

*/s/ Robert. T. Kugler*
Robert T. Kugler (MN # 194116)
Edwin H. Caldie (MN # 388930)
**Stinson LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email:      robert.kugler@stinson.com
            ed.caldie@stinson.com

*Counsel for the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

CORE/3520516.0002/176893512.3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | Chapter 11 |
| Debtor. | Judge Wendy A. Kinsella |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST
SUPPLEMENTAL REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND
ADDITIONAL INFORMATION TO THE DEBTOR
PURSUANT TO FED. R. BANKR. P. 2004**

The Official Committee of Unsecured Creditors (the "Committee") hereby requests that

The Roman Catholic Diocese of Syracuse, New York (the "Debtor") produce the following

documents and additional information:

**<u>DEFINITIONS</u>**

1.      "And" and "or" shall be construed either in the disjunctive or conjunctive as

necessary to bring within the scope of these discovery requests all responses that might otherwise

be construed to be outside their scope.

2.      "Debtor" or "Diocese" refers to The Roman Catholic Diocese of Syracuse, New

York, and its employees, agents, attorneys, accountants, and all other persons and entities

representing and/or acting or purporting to act on its behalf.

3.      "Bankruptcy" means the bankruptcy proceeding of the Debtor, captioned as In re

The Roman Catholic Diocese of Syracuse, New York (Bankr. N.D.N.Y., Case No. 20-30663).

4.      "Communication" shall mean the transmission of information in any form.

5.      "Document" or "Documents" means all written, electronic or graphic material and

defined as documents in Rule 34 of the Federal Rules of Civil Procedure, and all ESI. This

definition includes, without limitation: reports; memoranda; correspondence; communications; notes; email; letters; inter-office and intra-office communications; diaries; financial statements; trial balances; statistics; term sheets; contracts; minutes; proposals; studies; pamphlets; statements; summaries; agendas or bulletins. This definition includes graphic or oral records or representations of any kind and any electronic, mechanical, or electric records or representations of any kind. This definition also includes all drafts, versions and non-identical copies of any such materials.

6.      "ESI" means electronically-stored information as that phrase is used in the Federal Rules of Civil Procedure.

7.      "Petition Date" means June 19, 2020.

8.      "Relating to" or "related to" means to consist of, refer to, pertain to, reflect, evidence, constitute or be in any way logically or factually connected with the matter discussed.

## INSTRUCTIONS

1.      Produce all ESI in its original, native format with all metadata intact.

## REQUESTS

| First Supplemental Document Requests |
|---|
| **Financial and Accounting Documents** |

| | |
|---|---|
| 1. | An export of the Debtor's general ledger from the Debtor's accounting system containing all data fields and transaction activity in Excel, CSV, or database format. |
| 2. | An export of all account data for all accounts maintained on the Debtor's accounting system in Excel, CSV, or database format. |
| 3. | A complete list of all business segments, departments, and projects maintained on the Debtor's accounting system, including specific identification numbers and naming designations. |
| 4. | An export of trial balance reports contained on the Debtor's accounting system from 2010-2020 for the following entities:<br><br>• Debtor<br>• Catholic Cemeteries of the Roman Catholic Diocese of Syracuse, Inc.<br>• Catholic Charities of the Roman Catholic Diocese of Syracuse, Inc.<br>• The Syracuse Diocesan Investment Fund, Inc.<br>• The Foundation of the Roman Catholic Diocese of Syracuse, Inc. |

| 5. | All available Debtor accounts payable data in Excel, CSV, or Database format including, but not limited to:<br><br>• An export of the vendor table maintained on the Debtor's accounting system that depicts all available fields, including, but not limited to, vendor identification number, vendor name, vendor description, creation date, closing date, and status.<br>• An export of the accounts payable ledger maintained on the accounting system that depicts all available fields and transaction activity for the six (6) years prior to the petition date.<br>• An export of the accounts payable invoice/purchase table(s) maintained on the accounting system containing all available fields and transaction activity for at least the six (6) years prior to the petition date.<br>• Annual accounts payable aging reports for the six (6) years prior to the petition date.<br>• An export of the annual payment or disbursement ledger maintained on the accounting system containing all available fields for the six (6) years prior to the petition date. |
|---|---|
| 6. | The last ten (10) quinquennial reports for the Diocese. |
| 7. | Any contracts related to the Diocese's investment advisors and all policies, instructions, or procedures that include information related to investment procedures for the Diocese. |
| 8. | From 2010 to present, any asset reports that the Debtor requires of the parties receiving the benefit of the *Order Approving Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 345]. |
| | **Organizational Documents** |
| 9. | Provide a list of all entities for which the Bishop, Vicar General, or Chancellor of the Diocese are or have been an officer, director, board member, or served in an ex-officio capacity since 2010. |
| | **Diocesan Parish and School Documents** |
| 10. | Documents related to the transfer of assets from the Debtor to Diocesan parishes and schools from 2010 to present. |
| | **Syracuse Diocesan Investment Fund Inc. Documents** |
| 11. | Documents related to the creation of the Syracuse Diocesan Investment Fund, Inc. |
| 12. | Documents related to the transfer of assets from the Debtor to the Syracuse Diocesan Investment Fund, Inc. from 2010 to present. |
| | **The Foundation of the Roman Catholic Diocese of Syracuse, Inc. Documents** |
| 13. | Documents related to the creation of The Foundation of the Roman Catholic Diocese of Syracuse, Inc. |
| 14. | Documents related to the transfer of assets from the Debtor to The Foundation of the Roman Catholic Diocese of Syracuse, Inc. from 2010 to present. |
| 15. | Documents related to the transfer of the HOPE Appeal and any HOPE Appeal funds from the Debtor to The Foundation of the Roman Catholic Diocese of Syracuse, Inc. from 2010 to present. |
| 16. | Documents related to the transfer of any funds from the Debtor to the HOPE Appeal Reserve Fund. |

| 17. | Documents related to the transfer of the Bishop's Discretionary Fund from the Debtor to The Foundation of the Roman Catholic Diocese of Syracuse, Inc. from 2010 to present. |
| :-- | :-- |
| **Diocesan Pension Plan Documents** | |
| 18. | Documents related to the creation and assets of the Diocese's Lay Pension Plan. |
| 19. | Documents related to the creation and assets of the Clerical Fund Society of the Roman Catholic Diocese of Syracuse, New York. |

# EXHIBIT B

CORE/3520516.0002/176893512.3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | Chapter 11 |
| Debtor. | Judge Wendy A. Kinsella |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE COMMITTEE TO SUBPOENA THE PRODUCTION OF DOCUMENTS**

Based on *The Official Committee of Unsecured Creditors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Committee to Subpoena the Production of Documents* (the "Motion"):

IT IS ORDERED:

1.      The Committee is authorized to issue subpoenas compelling the Debtor produce documents and otherwise respond to all items set forth on Exhibit A to the Motion. The Debtor shall have no more than three (3) weeks from the issuance of such subpoena to produce all non-privileged, responsive documents.

### 

CORE/3520516.0002/176893512.3