UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION FOR ENTRY OF AN ORDER (I) APPROVING
DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION
PACKAGES AND DISTRIBUTION PROCEDURES; (III) APPROVING
THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR
VOTING ON JOINT PLAN; (IV) APPROVING THE FORM,
MANNER, AND SCOPE OF CONFIRMATION NOTICES; (V) ESTABLISHING
CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF THE
DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT
AMENDED PLAN; AND (VI) GRANTING RELATED RELIEF**

The Roman Catholic Diocese of Syracuse, New York (the "Diocese") hereby files this

motion (this "Motion") for entry of an order, substantially in the form of the proposed order

attached hereto as **Exhibit A** (the "Disclosure Statement Order"), (i) approving the adequacy of

the *Disclosure Statement in Support of Joint Chapter 11 Plan of Reorganization for The Roman*

*Catholic Diocese of Syracuse, New York dated December 6, 2023* [Docket No. 1566]  (together

with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from

time to time, the "Disclosure Statement");[1] (ii) approving solicitation packages and distribution

procedures; (iii) approving the forms of ballots and establishing procedures for voting on the and

the *Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New*

*York dated December 6, 2023* [Docket No. 1565]  (together with all schedules and exhibits

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement, or the Joint Plan, as applicable.

thereto, and as may be modified, amended, or supplemented from time to time, the "Joint Plan");
(iv) approving the form, manner, and scope of confirmation notices; (v) establishing certain
deadlines in connection with approval of the Disclosure Statement and confirmation of the Joint
Plan; and (vi) granting related relief.  In further support of the Motion, the Diocese respectfully
represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and
1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and rule-based predicates for the relief requested herein are sections
105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (11 U.S.C. § 101, *et seq.*,
the "Bankruptcy Code") and Rules 2002, 3003, 3017, 3018, 3020, 9013, 9014, and 9021 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.      On June 19, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for
relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the
"Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New
York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case").  The
Diocese continues to operate its business and manage its properties as a debtor-in-possession
pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for a trustee or
examiner has been made in this Chapter 11 Case.

17078388.2

6.      On July 9, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [Docket No. 38].  As of the date of this filing, no other official committees have been appointed or designated.

7.      Information regarding the Diocese's history, business operations, operational structure, and the events leading up to this Chapter 11 Case can be found in the *Declaration of Stephen Breen Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Motions* [Docket No. 6] and the *Declaration of Rev. Msgr. Timothy S. Elmer Regarding Structure and Pre-Filing History of The Roman Catholic Diocese of Syracuse, New York and in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 7], each of which was filed on the Petition Date and is incorporated herein by reference.

8.      On the Petition Date, the Diocese filed the *Debtor's Application for Appointment of Stretto as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [Docket No. 14] (the "Section 156(c) Application").  On November 25, 2019, the Court entered an order granting the Section 156(c) Application [Docket No. 288].

9.      On June 19, 2020, the Diocese filed the *Application for Entry of an Order Authorizing the Employment and Retention of Stretto as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Docket No. 16] (the "Section 327(a) Application").  On September 18, 2020, the Court entered an order granting the Section 327 (a) Application [Docket No. 115].

10.      On December 6, 2023, the Diocese filed the Joint Plan [Docket No. 1565] and an accompanying Disclosure Statement [Docket No. 1566].

17078388.2

11.    On January 4, 2024, the Court entered an order [Docket No. 1608] (the "Disclosure Statement Hearing Order") setting a hearing to consider approval of the Disclosure Statement on February 6, 2024 (the "Disclosure Statement Hearing").

### RELIEF REQUESTED

12.    By this Motion, the Diocese seeks entry of the Disclosure Statement Order, substantially in the form attached as *Exhibit A* to this Motion, pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, 9013, 9014, and 9021:

(a)    approving the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code;

(b)    determining that the notice of the hearing on this Motion was adequate;

(c)    establishing the Voting Deadline (as defined herein) by which holders of Claims against the Diocese may accept or reject the Joint Plan;

(d)    approving the form of Ballots (as defined herein) for Claims in Class 1, Class 2, Class 4, and Class 5 (Secured Claim of KeyBank, Secured Claim of NBT Bank, General Unsecured Claims, and Abuse Claims), in the form attached to the Disclosure Statement Order as *Exhibit 2*, and for Claims in Class 5 (Abuse Claims in the form attached to the Disclosure Statement Order as *Exhibit 3*;

(e)    scheduling a date for a hearing to consider confirmation of the Joint Plan (the "Confirmation Hearing");

(f)    approving the form, manner, and scope of the notice of the Confirmation Hearing, including the notices attached to the Disclosure Statement Order as *Exhibit 4* (the "Confirmation Hearing Notice") and *Exhibit 5* (the "Publication Notice");

(g)    approving the form of notice to holders of unimpaired and impaired non-voting claims under the Joint Plan (the "Notice of Non-Voting Status"), attached as *Exhibit 6* to the Disclosure Statement Order; and

17078388.2

(h)     establishing the following dates and deadlines in connection with the foregoing, subject to modification as necessary:

| Key Event | Proposed Date |
|---|---|
| Deadline to Object to the Disclosure Statement | January 30, 2024 |
| Voting Record Date | February 6, 2024 |
| Disclosure Statement Hearing | February 6, 2024 at 12:00 p.m. |
| Solicitation Commencement Date | No later than seven (7) days after entry of Disclosure Statement Order |
| Voting Deadline | March 15, 2024, at 5:00 p.m. |
| Confirmation Objection Deadline | No later than fourteen (14) days prior to the Confirmation Hearing |
| Deadline for Joint Plan Proponents to Reply to Confirmation Objections | No later than seven (7) days prior to the Confirmation Hearing |
| Confirmation Hearing | To be set by the Court |

## BASIS FOR RELIEF

### I.     The Disclosure Statement Contains Adequate Information and Should be Approved

13.     Pursuant to section 1125 of the Bankruptcy Code, a disclosure statement must provide holders of impaired Claims with "adequate information" regarding a proposed chapter 11 plan. Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan....

11 U.S.C. § 1125(a)(1). A disclosure statement, as a whole, must provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interests holders

about whether to vote to accept or reject a plan of reorganization. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 29 (S.D.N.Y. 1995).

14.     The Bankruptcy Court has wide discretion in determining the adequacy of the information contained in a disclosure statement. *See Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("[t]he legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case . . . .'") (quoting H.R. REP. No. 595, at 408-09 (1977)).

15.     This grant of discretion was intended to permit courts to tailor the disclosures made in connection with a plan to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. *See* H.R. REP. No. 595, at 408-09 (1977) ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest."); *see also Kirk v. Texaco, Inc.*, 82 B.R. at 682. Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Worldcom, Inc*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

17078388.2

16.    In this case, the Disclosure Statement contains sufficient information necessary for holders of Claims entitled to vote on the Joint Plan to make an informed decision about whether to vote to accept or reject the Joint Plan, including, among other things:

(a)    a description of the Diocese's not-for-profit religious organization, including revenue, assets and its need for reorganization;

(b)    key events leading to the commencement of the Chapter 11 Case, including a description of the Abuse Claims asserted against the Diocese;

(c)    significant events that occurred during the Chapter 11 Case;

(d)    a summary of the key provisions of the Joint Plan, including a description of the release, injunction, and exculpation provisions contained in the Joint Plan;

(e)    an overview of the Trust;

(f)    a liquidation analysis;

(g)    a summary of solicitation and voting procedures;

(h)    risk factors to be considered regarding confirmation of the Joint Plan;

(i)    a description of confirmation procedures, requirements for confirmation of the Joint Plan, and alternatives to confirmation and consummation of the Joint Plan;

(j)    projected financial performance of the Reorganized Diocese, assuming confirmation of the Joint Plan; and

(k)    tax consequences of the Joint Plan.

17.    In light of the forgoing, the Diocese respectfully submits that the Disclosure Statement contains sufficient information for holders of Claims entitled to vote on the Joint Plan to make an informed judgment regarding whether to vote to accept or reject the Joint Plan. Accordingly, the Diocese submits that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and respectfully requests that the Court approve the Disclosure Statement.

17078388.2

## II.     The Notice of Disclosure Statement Hearing and Procedures for Filing Objections to the Proposed Disclosure Statement Are Adequate and Should be Approved

18.     Rule 3017(a) of the Bankruptcy Rules provides that:

> [A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto.  The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bank. P. 3017(a).

19.     Bankruptcy Rules 2002(b) and (d) require notice to all creditors, and indenture trustees of the time set for filing objections to, and the hearing to consider the approval of, a disclosure statement.  On January 5, 2024, the Diocese served the Disclosure Statement Hearing Order by electronic and/or first class mail to: (i) the United States Trustee; (ii) the Committee; (iii) all persons or entities listed in the Diocese's schedules of assets and liabilities as holding liquidated, non-contingent, and undisputed Claims or who filed proofs of claim asserting Non-Abuse Claims; (iv) holders of Abuse Claims who have filed proofs of claim in this Chapter 11 Case, via their counsel of record indicated in such proofs of claim where applicable; and (v) all other parties filing notices of appearances and requests for documents in the Chapter 11 Case (collectively, the "Notice Parties").  A certificate of service is on file at Docket No. 1625.  Each of the foregoing Notice Parties were also provided with notice of this Motion contemporaneously with the filing hereof.

20.     The Diocese will provide copies of the Disclosure Statement and Joint Plan to any party in interest who specifically requests such documents.  Moreover, copies of the Disclosure

17078388.2

Statement and the Joint Plan will be on file with the Office of the Clerk of the Court for review during normal business hours (a fee may be charged) and are also available free-of-charge on the website maintained by the Diocese's claims agent Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto"), at https://case.stretto.com/dioceseofsyracuse/docket.

21.    The Diocese submits that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing, and accordingly, request that the Court approve such notice as adequate and find that no other or further notice is necessary or required.

## III.    Voting Record Date, Solicitation Packages and Distribution Procedures

### A.    Voting Record Date

22.    Bankruptcy Rule 3017(d) provides that a copy of the plan, disclosure statement, and notice of the deadline for voting on the plan must be provided to all creditors.  It further provides that, for purposes of the rule, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting.  *See* Fed. R. Bankr. P. 3018(a) ("[A]n equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or on another date fixed by the court, for cause, after notice and a hearing....").

23.    The Diocese proposes this Court establish February 6, 2024 as the record date for purposes of determining (a) upon whom service must be made following approval of the Disclosure Statement and (b) which holders of Claims are entitled to vote on the Joint Plan (the "Voting Record Date").  The proposed Voting Record Date is appropriate because only holders

9

of certain Claims, including the Secured Claim of NBT Bank, Secured Claim of KeyBank, General Unsecured Claims, and Abuse Claims (each as defined in the Joint Plan), are entitled to vote on the Joint Plan and the deadlines to file claims against the Diocese have long since passed. As such, it is unlikely that a creditor that did not file a claim by the Voting Record Date will have a right to vote on the Joint Plan.

24.      The Diocese further proposes that holders of Class 1, Class 2, Class 4, and Class 5 Claims, as of the Voting Record Date, and as determined by the Diocese's books and records and the claims register maintained by Stretto as the Diocese's claims agent, shall be holders of record, and as such, shall be entitled to vote on the Joint Plan, and that holders of all other Claims against the Diocese shall only be entitled to receive the Confirmation Hearing Notice and Notice of Non-Voting Status, regardless of the date on which the Disclosure Statement Order is actually entered.  The Voting Record Date shall have no effect regarding any creditor's right to, or the amount of, any distribution under the Joint Plan.

25.      The Diocese believes that the Voting Record Date is an appropriate date, in light of the facts and circumstances of this Chapter 11 Case, to facilitate the determination of which creditors are entitled to vote on the Joint Plan or, in the case of non-voting classes of creditors, to receive the Notice of Non-Voting Status.

### B. Solicitation Packages and Distribution Procedures

26.      In connection with solicitation of the Joint Plan, the Diocese proposes to implement the Solicitation Procedures summarized below.  The Diocese has retained Stretto as its claims and noticing agent and also as its administrative advisor under section 327(a) of the Bankruptcy Code to, among other things, implement the solicitation and balloting procedures.

10

27.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders

of claims and equity interests for the purpose of soliciting their votes and providing adequate

notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement, – except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders – the debtor in
> possession, trustee, proponent of the plan, or clerk as the court
> orders, shall mail to all creditors and equity security holders, and in
> a chapter 11 reorganization case shall transmit to the United States
> trustee,
>
> (1)     the plan or a court-approved summary of the plan;
>
> (2)     the disclosure statement approved by the court;
>
> (3)     notice of the time within which acceptances and rejections
> of such plan may be filed; and
>
> (4)     any other information as the court may direct, including
> any court opinion approving the disclosure statement or a
> court approved summary of the opinion
>
> In addition, notice of the time fixed for filing objections and the
> hearing on confirmation shall be mailed to all creditors and equity
> security holders in accordance with Rule 2002(b), and a form of
> ballot conforming to the appropriate Official Form shall be mailed
> to creditors and equity security holders entitled to vote on the
> plan....

Fed. R. Bankr. P. 3017(d).

28.     Within seven (7) days after the Court enters the Disclosure Statement Order (the

"Solicitation Commencement Date"), the Diocese proposes to serve (pursuant to the distribution

procedures set forth below) solicitation packages (the "Solicitation Packages") upon all holders

of Class 1, Class 2, Class 4, and Class 5 Claims.  The Diocese also proposes to serve holders of

all other Claims against the Diocese with a copy of the Notice of Non-Voting Status and the

Confirmation Hearing Notice no later than the Solicitation Commencement Date.

17078388.2

29.     The Diocese requests that Stretto be permitted to distribute Ballots, the Notice of Non-Voting Status, and the Confirmation Hearing Notice in paper format, and because the Joint Plan and Disclosure Statement may be cumbersome and costly to print and mail, retain the ability to distribute the remainder of the Solicitation Package via USB flash drive, at its discretion, if doing so will translate into monetary savings and/or reduce production time.

30.     For ease of reference, the Diocese submits the below chart detailing which classes may and may not vote to accept or reject the Joint Plan:

| Class | Designation | Impaired | Entitled to Vote |
|-------|-------------|----------|------------------|
| N/A | Administrative Claims | No | Deemed to Accept |
| N/A | Priority Tax Claims | No | Deemed to Accept |
| N/A | Non-Tax Priority Claims | No | Deemed to Accept |
| N/A | Professional Fee Claims | No | Deemed to Accept |
| N/A | U.S. Trustee Fee Claims | No | Does Not Vote |
| 1 | Secured Claim of KeyBank | Yes | Entitled to Vote |
| 2 | Secured Claim of NBT Bank | Yes | Entitled to Vote |
| 3 | Pass-Through Claims | No | Deemed to Accept |
| 4 | General Unsecured Claims | Yes | Entitled to Vote |
| 5 | Class 5 Abuse Claims | Yes | Entitled to Vote |
| 6 | Inbound Contribution Claims | Yes | Deemed to Reject |

31.     Solicitation Packages distributed to creditors holding Claims in Class 1, Class 2, Class 4, and Class 5 (Secured Claim of KeyBank, Secured Claim of NBT Bank, General Unsecured Claims, and Abuse Claims) (the "Voting Classes") will contain a copy of (i) the Disclosure Statement Order (excluding exhibits); (ii) the appropriate ballot to accept or reject the Joint Plan, substantially in the form annexed to the Disclosure Statement Order as *Exhibits 2* and *3* (each, a "Ballot" and collectively, the "Ballots") with detailed voting instructions and a pre-addressed, postage prepaid return envelope; (iii) the Disclosure Statement and Joint Plan; (iv) a copy of the Confirmation Hearing Notice; and (v) such other material as the Court may direct.  A Solicitation Package will be served upon every non-contingent, liquidated and non-disputed general unsecured creditor appearing on Schedule F on the Diocese's Schedules and upon any

17078388.2

unsecured creditors that filed proofs of claim prior to the applicable Bar Date which are not the subject of a pending claim objection as of the Voting Record Date.  Notwithstanding the forgoing, all persons who filed a proof of claim asserting an Abuse Claim shall receive a Solicitation Package containing a Ballot for voting on the Joint Plan, regardless of the contingent, unliquidated, and disputed nature of such claim, or any pending objections to their Claims.

32.    The Diocese proposes that, consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the holders of Claims in Classes other than in Class 1, Class 2, Class 4, and Class 5 (the "Non-Voting Classes") need not be provided with a Ballot, or copies of the Disclosure Statement, Joint Plan, and Disclosure Statement Order, and will be entitled to receive only a copy of the Confirmation Hearing Notice and the Notice of Non-Voting Status.

33.    All Solicitation Packages for holders of Abuse Claims shall be served via the noticing address included on their proof of claim, if any, based on the information reflected on Stretto's claims register as of the Voting Record Date.  For the avoidance of doubt, if such noticing address is the address of the Abuse Claimant's attorney, the Abuse Claimant will be served Solicitation Packages through such attorney unless such Abuse Claimant or attorney has notified the Diocese or Stretto that the representation has terminated.  To avoid duplication and reduce expenses, the Diocese proposes to serve attorneys who represent more than one Class 5 Abuse Claimant with only one copy of the Solicitation Package (except that the Diocese will provide separate Ballots for each Class 5 Claimant as set forth herein).

34.    Holders of Abuse Claims that are not represented by counsel, or who have notified the Diocese or Stretto that the representation has terminated will be provided direct

notice.  The Diocese respectfully submits that such service comports with the Bankruptcy Code and Bankruptcy Rules.

35.    Notwithstanding the foregoing, any holder of a Claim against the Diocese, or an Abuse Claim against any Participating Party, may obtain free of charge, a paper copy of the documents otherwise provided by (a) calling the Diocese's toll-free restructuring hotline at 855.329.4244 (Toll-Free), or (b) e-mailing TeamSyracuseDiocese@stretto.com.

36.    The Diocese has made, and will make, every effort to ensure that the Solicitation Packages and other notices described herein are in final form.  However, the Diocese requests that it be authorized to make non-substantive changes to the Disclosure Statement, the Joint Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Joint Plan, and any other materials in the Solicitation Packages, prior to mailing.  The Diocese will only make such changes with consent of the Committee.

37.    The Diocese respectfully submits that these proposed notice and service procedures will provide adequate notice to parties in interest while appropriately balancing the need for proper notice with the need for efficiency with respect to the costs and burdens in connection with providing such notice.

38.    Accordingly, the Diocese submits that it has shown good cause for implementing the proposed notice and service procedures.

## IV.    Form of Ballot and Notices to Non-Voting Classes

### A.    <u>Form of Ballot</u>

39.    Bankruptcy Rule 3017(d) requires the Diocese to mail a form of ballot, which substantially conforms to Official Form No. 314, only to "creditors and equity security holders

17078388.2

entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).   As indicated above, the Diocese proposes to distribute to the holders of Claims in Class 1, Class 2, and Class 4, a Ballot, substantially in the form annexed to the Disclosure Statement Order as ***Exhibit 2***, and to the holders of Claims in Class 5, a Ballot, substantially in the form annexed to the Disclosure Statement Order as ***Exhibit 3***.   The forms of the Ballots are based upon Official Form No. 314, and they have been modified to address the particular aspects of this Chapter 11 Case and to include certain additional information that the Diocese believes to be relevant and appropriate for the holders of Claims in the Voting Classes to determine whether to accept or reject the Joint Plan.

40.    As described above, the Ballots will be accompanied by return envelopes, with postage prepaid, for completion and return to the Diocese's claim agent Stretto.

41.    In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Diocese requests authorization to accept Ballots via electronic, online transmission, through a customized online balloting portal (the "E-Balloting Portal") on the Diocese's restructuring case website maintained by Stretto.  Any parties entitled to vote on the Joint Plan may cast an electronic Ballot which allows the claimant to electronically sign and submit a Ballot instantly by using the E-Balloting Portal.  Instructions for electronic, online transmission of Ballots are set forth on the form of Ballot and will also be posted on Stretto's website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  Any Ballot submitted by facsimile transmission, email, or other electronic means, other than through the E-Ballot Portal will not be counted.

42.     Because holders of Claims in the Non-Voting Classes are presumed to accept or

deemed to reject the Joint Plan under sections 1126(f) and 1126(g) of the Bankruptcy Code,

Ballots will not be distributed to holders of Claims in the Non-Voting Classes.

43.     The Diocese respectfully submits that in light of the facts and circumstances of

this Chapter 11 Case, the proposed form of Ballots for the Class 1, Class 2, Class 4, and Class 5

Claims are appropriate and should be approved.

**B.      Notice of Non-Voting Status**

44.     Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a
> summary of the plan shall not be mailed to any unimpaired class,
> notice that the class is designated in the plan as unimpaired and
> notice of the name and address of the person from whom the plan
> or summary of the plan and disclosure statement may be obtained
> upon request and at the plan proponent's expense, shall be mailed
> to members of the unimpaired class together with the notice of the
> time fixed for filing objections to and the hearing on
> confirmation.

Fed. R. Bankr. P. 3017(d).

45.     As discussed above, the holders of Administrative Claims, Priority Tax Claims,

Non-Tax Priority Claims, Professional Fee Claims, U.S. Trustee Fee Claims (the "Unclassified

Claims") are either deemed to accept or reject the Joint Plan, or not entitled to vote and will not

receive a Ballot.

46.     Similarly, the Non-Voting Classes are either deemed to accept or reject the Joint

Plan, or not entitled to vote on the Joint Plan and will not receive Ballots.  In lieu of solicitation

materials, the Diocese proposes to provide holders of all Non-Voting Classes and Unclassified

Claims with a copy of the Confirmation Hearing Notice and the Notice of Non-Voting Status,

which are attached to the Disclosure Statement Order as *Exhibits 4* and *6*, respectively, and

17078388.2

which will provide notice: (a) of the entry of the Disclosure Statement Order; (b) that their claims are either unimpaired or, if impaired, that such Claims will receive no distribution under the Joint Plan, and, that accordingly such holders are not entitled to vote on the Joint Plan; (c) of the general classification of claims by the Joint Plan; (d) of the releases, exculpation, and injunctions provided in and by the Joint Plan; (e) of how to obtain copies of the Joint Plan and Disclosure Statement; (f) of the deadline to object to confirmation of the Joint Plan; and (g) of the date, time, and location of the Confirmation Hearing.

47. The Diocese submits that the Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules. The Diocese requests that the Court determine that it is not required to distribute copies of the Joint Plan, Disclosure Statement, or Disclosure Statement Order to any holder of an Unclassified Claim or a Claim in the Non-Voting Classes, unless such party makes a request for copies of such documents by (a) calling the Diocese's toll-free restructuring hotline at 855.329.4244 (Toll-Free), or (b) e-mailing TeamSyracuseDiocese@stretto.com.

## V. Voting and Tabulation Procedures and Voting Deadline

### A. Establishing Voting Deadline for Receipt of Ballots

48. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Diocese anticipates the Distribution of the Solicitation Packages will be completed by the Solicitation Commencement Date. Based on such schedule, the Diocese proposes that, to be counted as a vote to accept or reject the Joint Plan, each Ballot must be properly executed, completed, and delivered to Stretto: (a) by first-class mail (whether in the return envelope provided with each Ballot or otherwise); (b) by overnight courier; (c) by hand delivery;

17078388.2

or (d) via Stretto's E-Ballot Portal so that it is actually received by Stretto no later than **5:00 p.m. (prevailing Eastern time)** on **March 15, 2024** (the "Voting Deadline"), which is approximately thirty-eight (38) days after the Disclosure Statement Hearing.  The Diocese further proposes that it should be authorized to retain the right to extend the Voting Deadline in its discretion with consent of the Committee.

49.    The Diocese submits that the proposed solicitation period, which will be at least 30-days, is a sufficient period within which Creditors can make an informed decision whether to accept or reject the Joint Plan.  Therefore, the Diocese respectfully requests that the Court approve the Voting Deadline as set forth herein.

### Approval of Voting and Tabulation Procedures

50.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Furthermore, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

51.    Solely for purposes of voting to accept or reject the Joint Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of any party in interest in any other context, the Diocese proposes that each holder of a Class 1, Class 2, or Class 4 Claim entitled to vote on the Joint Plan be entitled to vote the amount of such claim as provided: (a) in a timely filed proof of claim or, if no proof of claim was filed, the amount of such Claim as provided in, the Diocese's Schedules of Assets and Liabilities (as

18

amended, the "Schedules"), or (b) an agreement with the Diocese fixing the allowed amount of

such claim for voting purposes.  However, the foregoing general procedure will be subject to the

following exceptions:

(a)     if a Claim is deemed Allowed under the Joint Plan, such Claim is Allowed for voting purposes in the deemed Allowed amount set forth in the Joint Plan;

(b)     if a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed, and such Claim has not been Allowed, such Claim will be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such Claim is objected to as set forth in paragraph (g) below;

(c)     if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a proof of claim was timely filed in an amount that is liquidated, matured, or undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (g) below;

(e)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed in its entirety and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes;

(f)     if a Claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed in the amount that is liquidated, matured, or undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)     if a party has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline;

(h)     proofs of claim filed for $0.00 or which do not specify a claim amount are not entitled to vote;

(i)     for purposes of voting, classification and treatment, under the Joint Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class;

(j)     any entity that filed or purchased duplicate Claims in the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Diocese has objected to such duplicate Claims; and

(k)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Diocese has objected to such amended Claim.  Except as otherwise ordered by the Court, any amendments to a proof of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

52.    Solely for purposes of voting to accept or reject the Joint Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of any party in interest in any other context, the Diocese proposes that each holder of a Class 5 Abuse Claim shall have their Claim temporarily allowed in the Amount of $1.00, notwithstanding the contingent, unliquidated, and disputed nature of such Claim, or any objections that may be pending with respect to such Claim.  However, the foregoing general procedure will be subject to the following exceptions:

(a)    for purposes of voting, classification and treatment, under the Joint Plan, each Class 5 Claimant that holds or has filed more than one Claim shall be treated as if such Class 5 Claimant has only one Class 5 Claim; and

(b)    any Class 5 Claimant that filed or purchased duplicate Class 5 Claims shall be provided with only one Solicitation Package and one Ballot for voting a single Class 5 Claim, regardless of whether any party in interest has objected to such duplicate Claims.

17078388.2

53.     The Diocese proposes that the following procedures shall apply for tabulating votes:

(a) Stretto shall date-stamp all Ballots when received, with any Ballots received on the Voting Deadline date *and* time-stamped;

(b) any Ballot that is otherwise properly completed, executed, and timely returned but does not indicate an acceptance or rejection of the Joint Plan, or that indicates both an acceptance and rejection of the Joint Plan, will not be counted;

(c) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the last dated, validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots;

(d) Creditors must vote all of their Claims within a particular Class to either accept or reject the Joint Plan, and may not split their votes within the Voting Class and thus a Ballot (or group of Ballots) within the Voting Class that partially accepts and partially rejects the Joint Plan shall be deemed to have voted to accept the Joint Plan;

(e) notwithstanding anything contained herein to the contrary, the Diocese, in its discretion and with the Committee's consent, may waive any defects in a Ballot, or enter into a stipulation to settle or resolve any dispute in relation thereto, with a holder of a Claim that has completed a Ballot;

(f) notwithstanding anything contained herein to the contrary, Stretto, with the Diocese's consent, may contact entities entitled to vote to cure any defects in their Ballots; provided, however, that Stretto shall contact counsel of record to any such Class 5 Claimant represented by counsel; and

(g) except as otherwise provided in this Motion, for purposes of determining whether the numerosity and Claim amount requirements of Sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, Stretto will tabulate only those Ballots received by the Voting Deadline.

54.     The Diocese further proposes that the following Ballots will not be counted or considered for any purpose in determining whether the Joint Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Diocese, in writing, granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or

21

contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Joint Plan; (iv) any unsigned Ballot; and (v) any Ballot submitted by email, facsimile, or any other means of electronic submission other than utilization of the E-Ballot Portal.

55.     If any Creditor seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, the Diocese requests that the Court direct such Creditor to serve a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim for purposes of voting to accept or reject the Joint Plan on or before the 10th day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.

56.     The Diocese further proposes, in accordance with Bankruptcy Rule 3018, that the Court require any Rule 3018 Motion: (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (iii) set forth the name of the party asserting the Rule 3018 Motion, and (iv) state with particularity the legal and factual bases for the Rule 3018 Motion.  In the event a Rule 3018 Motion is filed, the Diocese proposes to provide such creditor with a provisional Ballot, to be counted only in accordance with the terms of any order adjudicating such 3018 Motion entered by the Court prior to the Voting Deadline.

57.     The Diocese respectfully submits that the foregoing proposed voting and tabulation procedures provide for a fair and equitable voting process and should be approved.

**VI.    Voting Certification**

58.     Upon the expiration of the Voting Deadline, Stretto will certify in writing (the "Voting Certification") the amount and number (as applicable) of Allowed Claims in the Voting

Classes that voted to accept or reject the Joint Plan.  The Diocese will file the Voting Certification

as promptly as practicable in advance of the Confirmation Hearing.

**VII.    The Confirmation Hearing and Establishment of Notice and Objection Procedures**

**A.    The Confirmation Hearing**

59.    Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall
> fix a time within which the holders of claims and interests may
> accept or reject the plan and may fix a date for the hearing on
> confirmation.

Fed. R. Bankr. P. 3017(c).

60.    In light of the proposed solicitation procedures described herein, and in

accordance with Bankruptcy Rules 2002(b) and (d) and 3017(c), the Diocese requests that the

Confirmation Hearing be scheduled to commence on the earliest date the Court may be available

that is at least twenty-eight (28) days following the Solicitation Commencement Date.  The

Diocese also requests that the Disclosure Statement Order provide that the Confirmation Hearing

may be continued from time to time by the Court or the Diocese without further notice except for

adjournments announced in open court or filed on the Court's docket and that the Joint Plan may

be modified pursuant to Section 1127 of the Bankruptcy Code prior to, during, or as a result of

the Confirmation Hearing, in each case without further notice to parties in interest.

61.    The proposed timing for the Confirmation Hearing is in compliance with the

Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the Northern

District of New York and will enable the Diocese to pursue confirmation of the Joint Plan in a

timely fashion.

**B.    Notice of Confirmation Hearing**

62.     Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Diocese proposes to provide a Confirmation Hearing Notice in substantially the form attached as *Exhibit 4* to the Disclosure Statement Order, setting forth, among other things, (i) the date of approval of the Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline (as defined herein), and (v) the time, date, and place for the Confirmation Hearing to each of (i) the United States Trustee; (ii) the Committee; (iii) all persons or entities listed in the Diocese's schedules of assets and liabilities as holding liquidated, non-contingent, and undisputed Claims or who filed proofs of claim asserting Non-Abuse Claims; (iv) holders of Abuse Claims who have filed proofs of claim in this Chapter 11 Case, via their counsel of record indicated in such proofs of claim where applicable; (v) holders of Abuse Claims that have commenced Abuse Actions in another court, to the extent reasonably ascertainable by the Diocese and via their counsel of record in such Abuse Actions, and (vi) all other parties filing notices of appearances and requests for documents in the Chapter 11 Case.  Such notice will be sent on or prior to the Solicitation Commencement Date.

63.     The Diocese submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Court deem such notice adequate.

### C.     Publication Notice

64.     To further ensure that all creditors of the Diocese and any person who may hold an Abuse Claim against Participating Parties that may be subject to an injunction or release granted under the Joint Plan receive adequate and fair notice of the Confirmation Hearing, the

24

Diocese proposes to provide the Publication Notice, pursuant to Bankruptcy Rules 2002(l) and 9008.

65.    Bankruptcy Rule 2002(l) permits this Court to authorize publication notice if this Court finds that notice by mail is impracticable or that it is desirable to supplement the notice. Fed. R. Bankr. P. 2002(l).    Additionally, Bankruptcy Rule 9008 authorizes this Court to determine the form and manner of publication notice.  Fed. R. Bankr. P. 9008.

66.    To supplement the Confirmation Hearing Notice, the Diocese proposes to cause the Publication Notice in the form attached to the Disclosure Statement Order as ***Exhibit 5*** to be published once in either *The New York Times* or *USA Today* and in each of *The Post Standard*, *The Rochester Democrat & Chronicle*, *The Observer-Dispatch*, *The Press & Sun Bulletin*, *The Albany Times Union*, *The Catholic Sun, North Country* Catholic, and *The Evangelist*, not less than twenty-one (21) days before the Confirmation Hearing.

67.    Notice by publication was approved by this Court in the context of the Court's orders setting deadlines for submission of claims, and other courts have approved similar publication notices of confirmation in cases where potential creditors may be unknown to the debtor.  *See In re Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (WAK) [Docket Nos. 214 and 1083] (Bankr. N.D.N.Y. 2020); *see also In re The Diocese of Rochester*, Case No. 19-20905 (PRW) [Docket No. 425] (Bankr. W.D.N.Y. 2020); *In re Diocese of Buffalo*, *N.Y.*, Case No. 20-10322 (CLB) [Docket No. 729] (Bankr. W.D.N.Y. 2020); *The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (MG) [Docket Nos. 333 and 1262] (Bankr. S.D.N.Y. 2021-22); *In re T H Agric. & Nutrition, L.L.C.*, No. 08-14692 (REG), 2009 WL 7193573, at *3 (Bankr. S.D.N.Y. May 28, 2009) (approving form and manner of publication notice of confirmation hearing in asbestos case in various media outlets); *In re*

*Roman Catholic Diocese of Harrisburg*, Case No. 20-00599 (HWV) [Docket No. 1486] (Bankr. M.D. Pa. December 27, 2022)(approving confirmation publication notice); *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343-LSS (Bankr. D. Del. Sep. 30, 2021) [Docket No. 6438] (same); *In re Roman Catholic Church of the Archdiocese of Santa Fe*, Case No. 18-13027 (Bankr. D. N.M., Nov. 8, 2022) [Docket No. 1161] (same).

68.     The Diocese believes the Publication Notice will provide sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by mail, and therefore, respectfully submits that it should be approved and found to be adequate and reasonably calculated under the circumstances to comply with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012).

### D.        Objections to Confirmation of Joint Plan

69.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bank. P. 3020(b)(1). Parties in interest are entitled to twenty-eight days' notice of such time fixed by the Court. Fed. Bankr. R. 2002(b). The Confirmation Hearing Notice provides, and the Diocese requests that the Court direct, that objections to confirmation of the Joint Plan or proposed modifications to the Joint Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Joint Plan, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received by no later than **fourteen (14) days** prior to the Confirmation Hearing (the "Confirmation Objection Deadline"), and that the Diocese and Committee may file responses to any objections to confirmation of the Joint Plan by no later than seven (7) days prior to the Confirmation Hearing.

26

## Notice

70.     Notice of this Motion will be provided to (i) the United States Trustee; (ii) the Committee; (iii) all persons or entities listed in the Diocese's schedules of assets and liabilities as holding liquidated, non-contingent, and undisputed Claims or who filed proofs of claim asserting Non-Abuse Claims; (iv) holders of Abuse Claims who have filed proofs of claim in this Chapter 11 Case, via their counsel of record indicated in such proofs of claim where applicable; and (v) all other parties filing notices of appearances and requests for documents in the Chapter 11 Case.  In light of the nature of the relief requested herein, the Diocese submits that no other or further notice need be provided.

## No Prior Request

71.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE,** the Diocese respectfully requests that the Court enter an order, substantially in the form attached hereto as *Exhibit A*, granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 16, 2024

BOND, SCHOENECK & KING, PLLC

By: _____/s/  *Stephen A. Donato*_____
Stephen A. Donato, Esq. (Bar Roll #101522)
Charles J. Sullivan, Esq. (Bar Roll #507717)
Grayson T. Walter, Esq. (Bar Roll #518237)
Andrew S. Rivera, Esq. (Bar Roll #700712)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile:  (315) 218-8100
Emails:  sdonato@bsk.com,
csullivan@bsk.com, gwalter@bsk.com
arivera@bsk.com

*The Roman Catholic Diocese
of Syracuse, New York*

27