**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>THE ROMAN CATHOLIC DIOCESE OF SYRACUSE, NEW YORK,<br><br>                    Debtor. | Case No. 20-30663-5-wak<br><br>Chapter 11<br><br>Hon. Wendy A. Kinsella<br><br>Hearing Date: March 28, 2024<br><br>Hearing Time: 1:00 p.m. Eastern Time<br><br>Location:    James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street, Syracuse, NY 13261 |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**WESTCHESTER FIRE TO FILE A DOCUMENT**
***PROVISIONALLY* UNDER SEAL**

Westchester Fire Insurance Company ("Westchester Fire"), moves this Court (this "Motion") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, authorizing Westchester Fire to file provisionally under seal in this Chapter 11 Case a document produced by the Roman Catholic Diocese of Syracuse ("Diocese" or "Debtor"), with the Diocese then carrying the burden to establish that the document meets the burden for sealing and, if it does not, for the Court to enter an order in the form attached as **Exhibit B** to release the document from the Diocese's confidentiality designation.

Under the terms of the February 9, 2021, Confidentiality Agreement ("Confidentiality Agreement") demanded by the Diocese before it would produce anything, the documents the Diocese produced cannot be exhibited to motions or filed with the Court unless the party offering a document first submits the document to the Court under seal, as Westchester Fire is doing

here.[1] It is then the obligation of the party that is the proponent of sealing, *i.e.*, the Diocese, to meet the burden to establish that the document meets the standard for sealing under Section 107 of the Bankruptcy Code.[2] The Confidentiality Agreement further states that if a receiving party disagrees with the designation, as is the case here, it can challenge the designation with the matter to be resolved by the Court.

> "In the event a Party or an Authorized Recipient challenges the designation of any Confidential Information by seeking a Court order, the burden of establishing that such alleged Confidential Information is entitled to protection as Confidential Information shall be on the Party seeking to have the information designated as Confidential Information[.]"[3]

A page of the document at issue bears production number DOS_CVA00066386. It is to be filed under seal as Exhibit 7 to the Declaration of Redwan Saleh, dated February 27, 2024. The page shows when the person in question was assigned to a parish, when he was moved to another city, and transferred out of the United States and to other states. We do not seek to submit the other pages of the document at this time.

The Diocese publishes its parish assignments publicly with the latest such publication available on its Website titled "Pastoral Assignments – Fall 2023."[4] Hence, the parish assignment information presented on page DOS_CVA00066386 of the document is not of a type that the Diocese treats as containing a trade secret, propriety or other information subject to

---

[1] *See* Declaration of Redwan Saleh, dated February 27, 2024 (hereinafter, "Saleh Decl."), Exh. 1 (Confidentiality Agreement) at provision D.

[2] *See id.* at provision C.2. Under New York law, the burden of demonstrating that disclosure is improper is always on the party seeking to avoid disclosure. *See Liberty Petroleum Realty, LLC v Gulf Oil*, L.P., 164 AD3d 401, 403-404 (1st Dept 2018); *R.C. Church of the Good Shepherd v Tempco Sys.*, 202 AD2d 257, 257-258 (1st Dept 1994).

[3] *See* Exh. 1 at provision C.2

[4] *See* Saleh Decl. Exh. 2 (*Pastoral Assignments – Fall 2023*); *see also* Exh. 3 (*Pastoral Assignments*, Apr. 23, 2023), Exh. 4 (*New pastoral assignments announced*, Sep. 2, 2020).

2

protection under Section 107.[5]

In seeking a protective order, the Diocese held out that the only information meeting specific criteria would be designated as confidential.[6] However, the Diocese designated essentially its entire document production as "CONFIDENTIAL," regardless of the contents of any given document. Hence, the designation of confidentiality does not by itself signify that any thought went into this page's designation as confidential.

Westchester Fire attempted to resolve the issue in an effort to avoid burdening the Court with a motion. On February 16, 2024, counsel for Westchester Fire wrote to the Diocese's counsel, Stephen Donato, and asked for the basis on which document DOS_CVA00066386 was designated as confidential, and if the Diocese would withdraw its designation so we could refer to the document in motion practice.[7] We did not get a response. We followed up thereafter and spoke to Mr. Donato's partner on February 27 when we could not reach him, but were not able to get an answer.

The document in question contains exculpatory information with respect to issues presented by pending motions in the adversary proceeding, and is also relevant to objections to the Disclosure Statement and Plan of Reorganization.[8] Westchester Fire seeks to refer to the document in Court proceedings and use it in connection with pending motions, objections, and

---

[5] There is reference at the bottom of the page to alleged abuse, but the name of the claimant is redacted.

[6] *See* Saleh Decl. Exh. 1 at provision A.5 (defining "**Confidential Information**," and stating among other things, "at no time shall any Non-Confidential Information be deemed Confidential Information"); *see also id.* at provision A.8 (defining "**Non-Confidential Information**" as, among other things, "information that is or becomes publicly available, other than as a result of acts in breach of either this Agreement or other confidentiality agreements").

[7] *See* Saleh Decl. Exh. 5 (Letter from R. Saleh to S. Donato, dated Feb. 16, 2024).

[8] *See, e.g.*, Dkt. Nos. 1686, 1699; *see also* Dkt. Nos. 1641, 1649. Westchester Fire also wrote to counsel for the Parish Steering Committee, which ostensibly represents the parishes, and sought aid and cooperation from the parishes, but has gotten nowhere with this issue. *See* Saleh Decl. Exh. 6 (Letter from R. Saleh to T. Lyster and J. F. Elsaesser, dated Feb. 8, 2024).

3

plan confirmation proceedings. The court room will have to be sealed and the hearing transcript sealed if the document retains its designation.

Any suggestion by the Diocese of some of other intent for the motion is wrong but is also irrelevant under Second Circuit law. *Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 63 (S.D.N.Y.) ("The Second Circuit has held that the motive of the party seeking access to, or disclosure of, documents is irrelevant to the question of whether and how strong a public right of access exists with respect to those documents." (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006))).

Because Westchester Fire is not the designating party here, it need not establish whether the Diocese has satisfied the requirements for confidentiality, as set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (holding that the existence of a confidentiality order did not defeat presumption of public access to documents). Under the Confidentiality Agreement demanded by the Diocese, the document is presumptively to be accepted under seal.[9] It is up to the Diocese to defend its blanket confidentiality designation with respect to the document in question.[10]

The general policy regarding access to information in bankruptcy proceedings favors openness.[11] *See In re Farmland Indus., Inc.*, 290 B.R. 364, 367 (Bankr. W.D. Mo. 2003). The party seeking to maintain the documents under seal bears the burden of showing that higher

---

[9] *See* Saleh Decl. Exh. 1 at provision D.

[10] "The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238–39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." *Id*. at 239. The "Constitution, and specifically the First Amendment to the Constitution, also protects the public's right to have access to judicial documents." *Id*.

[11] *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.").

values overcome the presumption of public access. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). The blanket and indiscriminate designation by the Diocese of every document it has produced in this case (other than the complaints and a handful of other documents) is inconsistent with the stated reason for the Confidentiality Agreement and makes it impossible to address issues posed by adversary proceeding complaint,[12] the Disclosure Statement and Plan of Reorganization.[13]

**WHEREFORE**, Westchester Fire respectfully requests that this Court enter an order, in substantially the form attached hereto as **Exhibit A**, authorizing Westchester Fire to provisionally file under seal in this Chapter 11 Case the document bearing production number DOS_CVA00066386, until the Court determines whether the document meets the high standard for sealing set by Section 107, and if it does not meet such standard, to enter an order substantially in the form attached hereto as **Exhibit B,** authorizing the release of the document from the Diocese's confidentiality designation, and granting such other and further relief as the Court deems just and proper.[14]

---

[12] *See* Adv. Pro. No. 21-50002-5-wak, Dkt. No. 1-2.

[13] *See* Dkt. No. 1566 (*Disclosure Statement in Support of Joint Chapter 11 Plan of Reorganization for the Roman Catholic Diocese of Syracuse, New York*).

[14] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory and rule-based predicates for the relief requested herein are sections 105 and 107 of the Bankruptcy Code, and Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure. Notice of this Motion will be given to (i) the Office of the United States Trustee for the Northern District of New York, (ii) the Diocese, and (iii) all other relevant parties to this action. Westchester Fire has not previously sought the relief requested herein from this or any other court.

5

Dated: February 27, 2024          Respectfully submitted,

By: */s/ Tancred Schiavoni*

**O'MELVENY & MYERS LLP**
Tancred Schiavoni, Esq. (NDNY Bar # 518616)
Michael Klotz, Esq. (NDNY Bar # 701074)
Redwan Saleh, Esq. (NDNY Bar # 701110)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
        mklotz@omm.com
        rsaleh@omm.com

**CLYDE & CO US LLP**
Marianne May, Esq. (NDNY Bar # 519327)
200 Campus Drive, Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Email: marianne.may@clydeco.us

*Counsel for Westchester Fire Insurance Company*

4873-4505-2072.7