## **EXHIBIT D**

Abuse Claim Allocation Protocol Redline

~~EXHIBIT 1~~

**DIOCESE OF SYRACUSE**
~~SURVIVOR~~ **ABUSE CLAIM ALLOCATION PROTOCOL**

**ARTICLE I**
**DEFINITIONS**

**1.1     Capitalized Terms**

Capitalized terms used in this ~~Survivor~~ Abuse Claim Allocation Protocol shall have the meanings given to them in the Plan, the Trust Agreement, or the Bankruptcy Code, unless otherwise defined herein, and such definitions are incorporated in this Allocation Protocol by reference.

**ARTICLE II**
**RULES OF INTERPRETATION AND GENERAL GUIDELINES**

**2.1.    Purpose**

This Allocation Protocol is designed to provide guidance to the ~~Survivor~~ Abuse Claims Reviewer in determining the amount of each Abuse Claim under the Plan by assigning to each such Claim a value pursuant to the Evaluation Factors below.

**2.2.    General Principles**

As a general principle, this Allocation Protocol intends to set out a procedure that provides substantially the same treatment to holders of Abuse Claims. The range of values set forth in the Evaluation Factors below, and the discretion given to the ~~Survivor~~ Abuse Claims Reviewer to determine and to adjust the value to be assigned to a particular Claim, are intended to reflect the relative values of Claims.

**2.3.    Sole and Exclusive Method**

The Evaluation Factors set forth below shall be the sole and exclusive method by which the holder of an Abuse Claim may seek allowance and distribution of such Claim. Although the factors collectively comprise the methodology that must be applied in reviewing Claims, the ~~Survivor~~ Abuse Claims Reviewer may, as indicated below, take into account considerations in addition to those identified herein when evaluating a Claim within the parameters of the delineated factors.

**2.4.    Confidentiality and Privilege**

All information that the ~~Survivor~~ Abuse Claims Reviewer receives from any source about any Claimant shall be held in strict confidence and shall not be disclosed absent an Order of the Bankruptcy Court or the written consent of the Claimant (or such Claimant's counsel of record). All information the ~~Survivor~~ Abuse Claims Reviewer receives from any Claimant (including from counsel to such Claimant) shall be subject to a mediation privilege and receipt of such information

1

by the ~~Survivor~~ Abuse Claims Reviewer shall not constitute a waiver of any attorney-client privilege or attorney work-product claim or any similar privilege or doctrine.

### 2.5. ~~Survivor~~ Abuse Claims Reviewer

Roger L. Kramer, of Kramer Law, LLC, is the ~~Survivor~~ Abuse Claims Reviewer. The ~~Survivor~~ Abuse Claims Reviewer shall conduct a review of each of the Abuse Claims and, according to the guidelines set forth below, shall make determinations upon which individual monetary distributions will be made subject to the Plan and the Trust Agreement.

## ARTICLE III
## PROCEDURE

### 3.1. Allowance of a Claim

An Abuse Claim shall be allowed if the ~~Survivor~~ Abuse Claims Reviewer determines the Abuse Claim is not duplicative or fraudulent, and such Abuse Claimant proved his or her claim by a preponderance of the evidence. If necessary, the ~~Survivor~~ Abuse Claims Reviewer can ask for additional information to make this determination. The Abuse Claimant may refuse such a request at his or her own risk.

### 3.2. Claim Amount Determination

a. If an Abuse Claim is allowed, the ~~Survivor~~ Abuse Claims Reviewer shall assign such Abuse Claim a score pursuant to the evaluation factors detailed in Article IV herein (the "Evaluation Factors"). The ~~Survivor~~ Abuse Claims Reviewer shall consider all of the facts and evidence presented by the Abuse Claimant in the Abuse Claimant's filed proof of claim. In the event an Abuse Claimant filed more than one proof of claim, the Abuse ~~Claim, the Survivor~~ Claims Reviewer shall consider all of the facts and evidence presented in such ~~claims~~ proofs of claim, but may only assign one score in respect of the Abuse Claimant. Abuse Claimants may supplement their filed ~~proof of claims~~ proofs of claim to provide additional information to the ~~Survivor~~ Abuse Claims Reviewer until ten (10) calendar days after the Confirmation Date. After all Abuse Claims have been evaluated pursuant to the Evaluation Factors, the Trustee shall determine the dollar value for each Abuse Claim based on the Abuse Claimant's pro rata share of the total points assigned to Abuse Claimants and the available funds for distribution in respect of the different types of Abuse Claims after accounting for the Trust Reserve and any other necessary holdbacks.

b. At the Trustee's request, and pursuant to Section 4.6 of the Plan, the ~~Survivor~~ Abuse Claim Reviewer shall re-evaluate each Abuse Claim that is a Litigation Claim and, within the ~~Survivor~~ Abuse Claim Reviewer's sole discretion, may assign an increased score to each Abuse Claim with consideration given to Section 4.1(c) herein in light of additional efforts and contributions resulting from such Survivor's pursuit of his or her Litigation Claim.

### 3.3. Determinations by the ~~Survivor~~ Abuse Claims Reviewer

2

The Trustee shall notify each Abuse Claimant in writing of the expected monetary distribution with respect to the Abuse Claimant's claim, which distribution may be greater or smaller than the actual distribution to be received based on the outcome of any reconsideration claims and Litigation Claims. The ~~Survivor~~ Abuse Claims Reviewer's determination shall be final unless the Abuse Claimant makes a timely request for the point award to be reconsidered by the ~~Survivor~~ Abuse Claims Reviewer. The Abuse Claimant shall not have a right to any other appeal of the ~~Survivor~~ Abuse Claims Reviewer's point award.

### 3.4. Requests for Reconsideration

The Abuse Claimant may request reconsideration by delivering a written request for reconsideration to the Trustee within ~~fifteen~~ thirty (30) calendar days after the date of mailing of the notice of the preliminary monetary distribution. Each written request must be accompanied by a check for the reconsideration fee, ~~seven~~ four hundred ~~and fifty~~ twenty-five dollars ($425.00). The Trustee shall waive the reconsideration fee if an Abuse Claimant submits to the Trustee a statement signed under the penalty of perjury that they are unable to pay the reconsideration fee. The Abuse Claimant, with the request for reconsideration, may submit additional evidence and argument in support of such request. The Abuse Claimant's monetary distribution amount may go up or down as a result of his or her request for reconsideration. The ~~Survivor~~ Abuse Claims Reviewer shall have sole discretion to determine how to respond to the request for reconsideration. The ~~Survivor~~ Abuse Claims Reviewer's determination of such request for reconsideration shall be final and not subject to any further reconsideration, review or appeal by any party, including a court.

### 3.5. Distribution

Once the ~~Survivor~~ Abuse Claims Reviewer has made all reconsideration determinations, the Trustee shall determine the dollar value of each Abuse Claimant's actual distribution based on the Abuse Claimant's pro rata share of the total final points assigned and the available funds for distribution. The Trustee shall make distributions to Abuse Claimants in accordance with the Trustee's powers and duties under Article 3 of the Trust Agreement and Section 4.6 of the Plan.

### 3.6. Deceased Abuse Survivors

The ~~Survivor~~ Abuse Claims Reviewer shall review the claim of a deceased Abuse Claimant without regard to the Abuse Claimant's death, except that the ~~Survivor~~ Abuse Claims Reviewer may require evidence that the person submitting the claim on behalf of the decedent is authorized to do so.

## ARTICLE IV
## GUIDELINES FOR ALLOCATION FOR ABUSE CLAIMS

### 4.1. Evaluation Factors

Each Abuse Claim will be evaluated by the ~~Survivor~~ Abuse Claims Reviewer. Each Abuse Claim will be assigned points based on the following evaluation categories and factors in the ~~Survivor~~ Abuse Claim Reviewer's sole discretion. The maximum amount of points assigned in respect of any one Abuse Claim, or Abuse Claims in the event an Abuse Claimant filed multiple

3

Abuse Claims, is 200. For the avoidance of doubt, the Abuse Claims Review may assign 0 points in respect of an Abuse Claim if such evaluation is warranted by the facts and circumstances of the Abuse Claim.

**(a)** **Nature of Abuse & Circumstances**. Considerations should include, but are not limited to, the following factors:

(1) The duration and/or frequency of the abuse and number of abusers;

(2) Type of abuse: e.g. penetration, attempted penetration, masturbation, oral sex, touching under the clothing, touching over the clothing, kissing, sexualized talk;

(3) Circumstances of abuse:

(i) grooming behaviors including but not limited to special privileges, special activities, and attention, the use of authority to manipulate or subordinate, social relationship with parents, personal relationship with claimant, opportunity to experience sports or activities, isolation from others, use of alcohol or illicit drugs by abuser or claimant or use of or exposure to pornography;

(ii) use of force or violence, coercion based on the threat(s) of violence against the Abuse Claimant or the Abuse Claimant's family members or friends, stalking;

(iii) the use of religious imagery, rituals, or other aspects of religious faith or practice;

(iv) relationship of Abuse Claimant to perpetrator including but not limited to whether Abuse Claimant was a parishioner or student, held perpetrator in high regard, whether perpetrator was in position of trust, whether perpetrator had unsupervised access to the Abuse Claimant, and whether Abuse Claimant valued relationship with perpetrator;

(v) location of abuse, including but not limited to isolated location, Abuse Claimant's home, rectory, church, cabin, orphanage, boarding school, trip.

**(b)** **Impact of the Abuse**. Overall, this category looks to how the abuse impacted the Abuse Claimant. This includes how the abuse impacted the Abuse Claimant's mental health, physical health, spiritual well-being, inter-personal relationships, vocational capacity or success, academic capacity or success, and whether the abuse at issue resulted in legal difficulties for the claimant. Some of these considerations may include the below factors, but the below list is not intended to be exhaustive.

16991930.3
CORE/3520516.0002/187538255.1
17320265.3

The ~~Survivor~~ Abuse Claims Reviewer should consider, along with any and all other relevant factors, whether the abuse at issue manifested, or otherwise led the Abuse Claimant to experience, or engage in behaviors resulting from:

(1) Mental Health Issues: This includes but is not limited to anxiety, depression, post-traumatic stress disorder, substance abuse, addiction, embarrassment, fear, flashbacks, disassociation, nightmares, sleep issues, sleep disturbances, distressing images or sensations, exaggerated startle response, boundary issues, self-destructive behaviors, guilt, grief, homophobia, hostility, humiliation, anger, irritability, avoidance or isolation, hollowness, concentration issues, regret, shame, sexual addiction, sexual problems, sexual identity confusion, low self-esteem or self-image, bitterness, suicidal ideation and suicide attempts.

(2) Physical Health Issues: This includes but is not limited to physical manifestations of emotional distress, gastrointestinal issues, headaches, high blood pressure, physical manifestations of anxiety, erectile dysfunction, heart palpitations, sexually-transmitted diseases, physical damage caused by acts of abuse, reproductive damage, self-cutting and other self-injurious behavior.

(3) Spiritual Wellbeing: This includes but is not limited to loss of faith in God, loss of faith and trust in religion and spiritual distress.

(4) Interpersonal Relationships: This includes but is not limited to problems with authority figures, hypervigilance, sexual problems, marital difficulties, problems with intimacy, lack of trust, isolation, betrayal, impaired relations, secrecy, social discreditation and isolation; damage to family relationships, and fear of children or parenting.

(5) Vocational Capacity: This includes but is not limited to under- and un-employment, difficulty with authority figures, difficulty changing and maintaining employment, feeling of unworthiness or guilt related to financial success.

(6) Academic Capacity: This includes but is not limited to school behavior problems.

(7) Legal Difficulties: This includes but is not limited to criminal difficulties, bankruptcy, fraud.

**(c)     Claimant Involvement**. The ~~Survivor~~ Abuse Claims Reviewer shall consider that all Abuse Claimants have benefited from the work and cost incurred by those Abuse Claimants who have previously asserted claims against the Diocese and have participated in the legal and factual development of claims against the Diocese.

The ~~Survivor~~ Abuse Claims Reviewer should consider factors including but not limited to whether the Abuse Claimant has filed a lawsuit, including, after seeking confirmation from the Trustee, of the efforts and results of the Abuse Claimant's pursuit

5

~~16991930.3~~
~~CORE/3520516.0002/187538255.1~~
17320265.3

of their respective Litigation Claim; whether the Abuse Claimant and/or the Abuse Claimant's family has been subject to a deposition, mediation or interview; and whether the Abuse Claimant participated in publicizing the issue of clergy sex abuse which has benefitted all Abuse Claimants.

The ~~Survivor~~ Abuse Claims Reviewer should also consider the specific efforts an Abuse Claimant took with respect to achieving the resolution embodied in the Plan. Among other things, the ~~Survivor~~ Abuse Claims Reviewer shall consider the time invested, the financial impact, the psychological and emotional impact on individual Abuse Claimants in the course of making their contributions to a successful outcome for Abuse Claimants as a whole. The ~~Survivor~~ Abuse Claims Reviewer shall also consider whether, in the course of making their contributions, Abuse Claimants directly confronted the institutions or individuals that harmed them in connection with these efforts.

## ARTICLE V
## ADDITIONAL PROVISIONS

**5.1    Minimum Distribution Amount.** Every holder of an allowed Abuse Claim shall receive a minimum monetary distribution in the dollar amount that is equal to 33% of the pro rata share of the total points assigned in respect of such Claim.

**5.2    Distributions to Holders of Late-Filed Abuse Claims**. Holders of allowed Late-Filed Abuse Claims shall receive a maximum monetary distribution in the dollar amount that is equal to 33% of the pro rata share of the total points assigned in respect of such Claim, *provided, however*, that, to the extent the holder of a Late-Filed Abuse Claim was under a disability or another condition recognized by New York Law or other applicable law suspending the running of the applicable CVA Deadline or ASA Deadline, such Abuse Claimant shall be entitled to a monetary distribution in the amount that is equal to the pro rata share of the total points assigned in respect of such Claim.

**5.3    Distributions to Holders of Previously Unasserted Abuse Claimants.** Holders of Previously Unasserted Abuse Claims who are not Litigation Claimants shall be entitled to a maximum monetary distribution in the dollar amount no greater than the amount a holder of a Timely-Filed Abuse Claim that elected treatment as a Distribution Claimant with the same score is entitled to receive from the Trust. Holders of Previously Unasserted Abuse Claims who are Litigation Claimants shall be entitled to a monetary distribution as set forth in Section 4.6.2(b)(iii) of the Plan.

~~16991930.3~~
~~CORE/3520516.0002/187538255.1~~
17320265.3