UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

The Roman Catholic Diocese of Syracuse, NY.

Case No. 20-30663
Chapter 11

Debtor.

**SUPPLEMENTAL OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR ENTRY OF ORDER (1) APPROVING DISCLOSURE STATEMENT, (II) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN; (IV) APPROVING THE FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES; (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN; AND (VI) GRANTING RELATED RELIEF**

TO: THE HONORABLE WENDY A. KINSELLA, UNITED STATES CHIEF BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, respectfully resubmits and reaffirms the objections and arguments found in the United States Trustee's Objection (ECF Dkt. No. 1636) ("First Objection") and makes this Supplemental Objection to the Amended Disclosure Statement[1] (ECF Dkt. No. 1719) and Amended Plan (ECF Dkt. No. 1718) ("Supplemental Objection") as follows:

1. On February 6, 2024, the Debtor filed the list of Participating Parties (Exhibit A to the Plan), one day before the first hearing on the approval of the Disclosure Statement. The list of Participating Parties is critical to nearly every component of the proposed Amended Plan because, in addition to their Related Persons, the Participating Parties fall under the umbrella of "Protected Parties," the beneficiaries of the expansive releases, overbroad exculpations, and injunctions. Now

---

[1] Unless specifically defined, capitalized terms used herein shall have the same meaning ascribed to them in the Plan.

that the identities of the Participating Parties to be released have been disclosed, the issue of non-consensual third-party releases is even more palpable and should be addressed by the Court at the hearing on the Amended Disclosure Statement.

2. As currently drafted, the Amended Plan provides abuse survivors, whose claims were the driving force behind the Debtor's chapter 11 filing, with a Hobson's choice. To receive any distribution with respect to their claims against the Debtor, the abuse survivors must consent to executing the Abuse Claimant Release Agreement. The Abuse Claimant Release Agreement requires the abuse survivors to release and give up any claims they may have, known or unknown, against hundreds, if not thousands, of non-debtor individuals and entities, collectively defined as Protected Parties, that have any tenuous relation to the Debtor. The execution of the Abuse Claimant Release Agreement is a pre-requisite to receiving any money on their claims against the Debtor. This effectively means they have no choice but to consent to the Abuse Claimant Release Agreement.

3. The Channeling Injunction likewise protects the Participating Parties, as well as the Settled Insurer Parties and a host of others, from liability, past and future, for anything and everything connected to an Abuse Claim. The benefit of the channeling injunction is bestowed on these parties, according to the Amended Plan Section 12.3, "in consideration of the Protected Parties herein, their contributions to the Trust, and other consideration." However, there are no details whatsoever as to the consideration offered by the Protected Parties — therefore, the Amended Plan is unconfirmable as it protects and insulates a limitless group of unidentified non-debtor parties that potentially made zero contribution in exchange for those protections and compels parties to do so, whether they want to or not, before they to receive any distribution on their claims against the Debtor.

4. In addition, the United States reiterates his objection to the Exculpation Provision on the basis that the requested exculpation is overly broad and far beyond the scope of 11 U.S.C. § 1125(e). Inclusion of the Participating Parties casts even a wider net. Exculpation provisions are based "to some extent … on the theory that court-supervised fiduciaries are entitled to qualified immunity for their actions." *In re Aegean Marine Petroleum Network, Inc.*, 599 B.R. 717, 721 (Bankr. S.D.N.Y. 2019). The Amended Plan provide no basis in law or fact for the justification of such far-reaching, impermissible exculpation clauses.

5. The nonconsensual, non-debtor, third-party releases in the Amended Plan, discussed above, exemplify the abuse that concerned the Second Circuit in *In re Purdue Pharma, L.P.,* 69 F.4th 45 (2d Cir. 2023). Neither the Amended Disclosure Statement nor the Amended Plan satisfy the factors justifying such releases, and the releases are unsupported by the rigorous factual disclosures and evidentiary burden required by the *Purdue* decision. Indeed, the Second Circuit provided a strict framework for approving nonconsensual third-party releases against non-debtors, noting the "heightened" "potential for abuse" posed by such releases (quoting *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 140 (2d Cir. 2005)).

6. The Amended Plan cannot be confirmed because it violates 28 U.S.C. § 1930(a)(6), 28 U.S.C. § 589(b) and 28 C.F.R. § 58.8. The United States Trustee submits that the Debtor should revise Section 2.1.5 of the Amended Plan so that it provides as follows, to comply with the reporting and quarterly fee obligations:

> All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor, the Reorganized Debtor, and the Trust, or other applicable entity, if any, shall be jointly and severally liable to pay any and all Quarterly Fees when due and payable. The Debtor shall file with the Bankruptcy Court all monthly operating reports due prior to the Effective Date when they become

due, using UST Form 11-MOR.  Within two business days of the Effective Date, the Reorganized Debtor and any other authorized parties who have been charged with administering the confirmed plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred.  After the Effective Date, the Trustee, or other applicable disbursing entity, and the Reorganized Debtor shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  The Debtor, the Reorganized Debtor, and Trust, or other appliable entity shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.  The United States Trustee shall not be required to file any Administrative Claim in the case and shall not be treated as providing any release under the Plan.

WHEREFORE, for the foregoing reasons, and the reasons stated in the United States Trustee's First Objection, the United States Trustee respectfully requests that the  disapprove the Amended Disclosure Statement, and grant such other relief as is just and appropriate.

Dated:  March 22, 2024
         Utica, New York

Respectfully submitted,

WILLIAM  K. HARRINGTON UNITED STATES TRUSTEE, Region 2

By: /s/ Erin P. Champion, Esq.
Erin P. Champion
Assistant United States Trustee
Office of the United States Trustee
10 Broad Street, Ste. 105
Utica, New York 13501
(315) 793-8127
erin.champion@usdoj.gov