So Ordered.

Signed this 2 day of May, 2024.





_____

Wendy A. Kinsella

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (III) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN; (IV) APPROVING THE FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES; (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion for entry of an *Order (I) Approving Disclosure Statement; (II) Approving Solicitation Packages and Distribution Procedures; (III) Approving the Form of Ballot and Establishing Procedures for Voting on Plan; (IV) Approving the Form, Manner, and Scope of Confirmation Notices; (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan; and (VI) Granting*

17627570.6

*Related Relief* [Docket No. 1626] (the "Motion")[1] and the objections thereto [Docket Nos. 1636, 1637, 1639, 1640, 1641, 1653, 1716, 1751, 1752, 1753, 1754, 1759, 1760, 1761, 1766, 1770, 1793, 1830 and 1831]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and upon the relief requested in the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon all of the proceedings before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Diocese, its estate and its creditors; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY FOUND AND DETERMINED THAT**:

      A.    The *Disclosure Statement in Support of Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New York*, dated April 16, 2024, attached hereto as **Exhibit 1** (the "Disclosure Statement") contains adequate information about the *Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New York*, dated April 16, 2024 (as it may be amended, modified or supplemented from time to time, the "Joint Plan") within the meaning of section 1125 of the Bankruptcy Code.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, Disclosure Statement, or the Joint Plan, as applicable.

B. Due and proper notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to the Disclosure Statement was provided and no further notice is necessary.

C. The forms of Ballots attached hereto as *Exhibits 2* and *3* are consistent with Official Form No. 314, address the particular needs of this Chapter 11 Case, and are appropriate for the holders of Class 1, Class 2, Class 4, and Class 5 Claims entitled to vote to accept or reject the Joint Plan. The voting instructions attached to the Ballots contain adequate information to instruct all members of the Voting Classes how to vote.

D. Holders of Claims in Class 3 (Pass-Through Claims) are conclusively presumed to accept the Joint Plan, and holders of Class 6 (Inbound Contribution Claims) are deemed to reject the Joint Plan (Class 3 and Class 6 Claims are collectively, the "Non-Voting Classes"). Accordingly, members of the Non-Voting Classes are not entitled to receive a Ballot or to vote to accept or reject the Joint Plan.

E. Holders of Administrative Claims, Priority Tax Claims, Non-Tax Priority Claims, Professional Fee Claims, and U.S. Trustee Fee Claims (the "Unclassified Claims") are unimpaired, are conclusively presumed to accept the Joint Plan, and not entitled to receive a Ballot or to vote to accept or reject the Joint Plan.

F. The period, as set forth below, during which the Diocese may solicit acceptances to the Joint Plan is a reasonable period of time for entities entitled to vote on the Joint Plan to make an informed decision whether to accept or reject the Joint Plan.

G. The procedures for the solicitation and tabulation of votes to accept or reject the Joint Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

17627570.6

H. The notice procedures set forth below comply with Bankruptcy Rules 2002 and 3017(d), and provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Joint Plan.

I. The proposed timing for the Confirmation Hearing, subject to the Court's consideration of and ruling on *The Interstate Insurers' Motion for Entry of Scheduling Order in Connection With any Confirmation Hearing* [Docket No. 1755], complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Diocese to pursue confirmation of the Joint Plan in a timely fashion.

J. Notwithstanding the foregoing, the Diocese shall have the right to seek modifications or extensions of the relief and deadlines set forth in this Order.

K. The relief requested in the Motion is in the best interests of the Diocese, the Diocese's estate and all parties in interest.

L. The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

3. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is hereby approved.

4. The form and manner of the notice of the hearing on the Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5. The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in the Joint Plan, in accordance with Bankruptcy Rule 3016(c).

6. The forms of Ballots annexed hereto as *Exhibits 2* and *3* are hereby approved.

7. For the purposes of determining Creditors entitled to vote on the Joint Plan, the Voting Record Date (the "Voting Record Date") shall be April 5, 2024 with respect to holders of Claims in Class 1, 2, 4, and 5 (the Secured Claim of NBT Bank, Secured Claim of KeyBank, General Unsecured Claims, and Abuse Claims) (the "Voting Classes").

8. The Voting Record Date shall also be the date for purposes of determining which Creditors are entitled to receive a Notice of Non-Voting Status.

9. No later than seven (7) days after the entry of this order (the "Solicitation Commencement Date"), the Diocese will complete the mailing of Solicitation Packages to the U.S. Trustee and to holders of Claims in the Voting Classes entitled to vote on the Joint Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

10. Solicitation Packages distributed to Creditors in the Voting Classes will contain a copy of (i) the Disclosure Statement Order (excluding exhibits); (ii) a Ballot to accept or reject the Joint Plan, with instructions and a return envelope; and (iii) the Disclosure Statement and Joint Plan; and (iv) the notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), a copy of which is attached hereto as *Exhibit 4*. The Diocese may distribute, or cause to be distributed, the Ballots and the Confirmation Hearing Notice in paper format, and the remainder of the Solicitation Package in either paper format or by USB flash drive.

11. All Solicitation Packages for holders of Class 5 Abuse Claims shall be served via the noticing address included on their proof of claim, if any, based on the information reflected

4

on Stretto's claims register as of the Voting Record Date. For the avoidance of doubt, if such noticing address is the address of the Abuse Claimant's attorney, the Abuse Claimant will be served Solicitation Packages through such attorney unless such Abuse Claimant or attorney has notified the Diocese or Stretto that the representation has terminated. To avoid duplication and reduce expenses, the Diocese may serve attorneys who represent more than one Class 5 Abuse Claimant with a single copy of the Solicitation Package (except that the Diocese will provide separate Ballots for each Class 5 Claimant represented by such attorney). Each Class 5 Abuse Claimant must personally sign their respective ballot.

12. Holders of Unclassified Claims and Claims in Non-Voting Classes shall only be entitled to receive a copy of (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status.

13. By the Solicitation Commencement Date, the Diocese shall distribute, or cause to be distributed, (i) the Disclosure Statement Order (excluding exhibits), (ii) the Confirmation Hearing Notice, and (iii) the Disclosure Statement and Joint Plan (which may be provided via USB flash drive), to the following: (a) the U.S. Trustee; (b) counsel for the Committee; and (c) all persons requesting service or notice in this case pursuant to Bankruptcy Rule 2002 who are not otherwise receiving a Solicitation Package or a Notice of Non-Voting Status.

14. The Diocese is not required to distribute copies of the Joint Plan or Disclosure Statement to holders of Unclassified Claims or Claims in Non-Voting Classes unless such a holder makes a specific request for copies of such documents by (a) by calling 855.329.4244, or (b) emailing TeamSyracuseDiocese@stretto.com.

15. The Diocese is not required to send Solicitation Packages to Creditors that have Claims that have already been paid in full; *provided, however*, that if, and to the extent that, any

17627570.6

such Creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that such Claim had been paid by the Diocese, then such Creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

16. The Diocese is excused from mailing Solicitation Packages and any other material related to voting or confirmation of the Joint Plan to those entities to which certain notices mailed during the course of this Chapter 11 Case have been returned as undeliverable by the United States Postal Service, unless and until the Diocese is provided with accurate addresses for such entities before the Solicitation Date provided that the Diocese and/or Stretto have used commercially reasonable efforts to obtain an updated address for such party. The Diocese's failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Joint Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

17. The Diocese is not required to distribute copies of the Joint Plan or Disclosure Statement to any party who holds a Claim that is either (i) not Filed, (ii) is scheduled as contingent, unliquidated, or disputed, or (iii) is not scheduled in an amount greater than $0, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018 provided, however, the Diocese shall serve such parties with a copy of the Confirmation Hearing Notice to the extent the Diocese knows such party to assert a Claim against it.

18. The Diocese is authorized to make ministerial changes to the Disclosure Statement, the Joint Plan, and related documents without further order of the Court, such as changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Joint Plan, and any other materials in the Solicitation

17627570.6

Packages prior to mailing.  The Diocese will only make such changes with the consent of the Committee.

19.   The Notice of Non-Voting Status annexed hereto as **Exhibit 6** is approved and shall be distributed to all known holders of Unclassified Claims and Claims in the Non-Voting Classes.

20.   The Executive Summary for Survivors annexed hereto as **Exhibit 7** is approved and shall be distributed to all known holders of Abuse Claims.  <span style="color:red">The Executive Summary shall be included as a separate document at the top of the Solicitation Package.</span>   *JWAK*

21.   To be counted as a vote to accept or reject the Joint Plan, all Ballots must be properly completed, signed, dated and returned by *only one* of the following return methods:

| **If by first class mail, overnight courier, or hand delivery:** |
| --- |
| The Diocese of Syracuse Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |
| **If by electronic, online submission:** |
| Please visit https://case.stretto.com/dioceseofsyracuse and click on the "E-Ballot" section of the Diocese's website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Stretto's E-Ballot system, do <u>not</u> also return a paper Ballot. |

Ballots transmitted by any other method are not accepted and will not be counted.  Ballots must be **actually received** no later than ~~June~~ <span style="color:red">July 1</span>, 2024 at **5:00 p.m.** (the "Voting Deadline").   *JWAK*

22.   Solely for purposes of voting to accept or reject the Joint Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of any party in interest in any other context, each holder of a Class 1, Class 2, or Class 4 Claim entitled to vote on the Joint Plan shall be entitled to vote the amount of such claim as

7

provided: (a) in a timely filed proof of claim or, if no proof of claim was filed, the amount of such Claim as provided in, the Diocese's Schedules of Assets and Liabilities (as amended, the "Schedules"), or (b) an agreement with the Diocese fixing the allowed amount of such claim for voting purposes. However, the foregoing general procedure will be subject to the following exceptions:

      (a)    if a Claim is deemed Allowed under the Joint Plan, such Claim is Allowed for voting purposes in the deemed Allowed amount set forth in the Joint Plan;

      (b)    if a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed, and such Claim has not been Allowed, such Claim will be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such Claim is objected to as set forth in paragraph (g) below;

      (c)    if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

      (d)    if a proof of claim was timely filed in an amount that is liquidated, matured, or undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (g) below;

      (e)    if a Claim is listed in the Schedules as contingent, unliquidated, or disputed in its entirety and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes;

      (f)    if a Claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed in the amount that is liquidated, matured, or undisputed for voting purposes only, and not for purposes of allowance or distribution;

      (g)    if a party has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline;

8

17627570.6

  (h) proofs of claim filed for $0.00 are not entitled to vote;

  (i) for purposes of voting, classification and treatment, under the Joint Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class;

  (j) any entity that filed or purchased duplicate Claims in the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Diocese has objected to such duplicate Claims; and

  (k) if a proof of claim has been amended by a later proof of claim this is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Diocese has objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to proof of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

23. Solely for purposes of voting to accept or reject the Joint Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of any party in interest in any other context, each holder of a Class 5 Abuse Claim shall have their Claim temporarily allowed in the Amount of $1.00, notwithstanding the contingent, unliquidated, and disputed nature of such Claim, or any objections that may be pending with respect to such Claim. However, the foregoing general procedure with respect to Class 5 Claims is subject to the following exceptions:

  (a) for purposes of voting, classification and treatment, under the Joint Plan, each Class 5 Claimant that holds or has filed more than one Claim shall be treated as if such Class 5 Claimant has only one Class 5 Claim; and

  (b) any Class 5 Claimant that filed or purchased duplicate Class 5 Claims shall be provided with only one Solicitation Package and one Ballot for voting a single Class 5 Claim, regardless of whether any party in interest has objected to such duplicate Claims.

24. The following procedures shall apply for tabulating votes:

9

17627570.6

(a) Stretto shall date-stamp all Ballots when received, with any Ballots received on the Voting Deadline date and time-stamped;

(b) any Ballot that is otherwise properly completed, executed, and timely returned but does not indicate an acceptance or rejection of the Joint Plan, or that indicates both an acceptance and rejection of the Joint Plan, will not be counted;

(c) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the last dated, validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots;

(d) Creditors must vote all of their Claims within a particular Class to either accept or reject the Joint Plan, and may not split their votes within the Voting Class and thus a Ballot (or group of Ballots) within the Voting Class that partially accepts and partially rejects the Joint Plan shall be deemed to have voted to accept the Joint Plan;

(e) notwithstanding anything contained herein to the contrary, the Diocese, in its discretion and with the Committee's consent, may waive any defects in a Ballot, or enter into a stipulation to settle or resolve any dispute in relation thereto, with a holder of a Claim that has completed a Ballot;

(f) notwithstanding anything contained herein to the contrary, Stretto, with the Diocese's consent, may contact entities entitled to vote to cure any defects in their Ballots; provided, however, that Stretto shall contact counsel of record to any such Class 5 Claimant represented by counsel; and

(g) except as otherwise provided in this Motion, for purposes of determining whether the numerosity and Claim amount requirements of Sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, Stretto will tabulate only those Ballots received by the Voting Deadline.

Any Ballots modified pursuant to this Paragraph shall be noted in the Voting Certification filed with the Court pursuant to Paragraph 28.

25. The following Ballots will not be counted or considered for any purpose in determining whether the Joint Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Diocese after consultation with the Committee, in writing, granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is

10

17627570.6

illegible or contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Joint Plan; (iv) any unsigned Ballot; and (v) any Ballot submitted by email, facsimile, or any other means of electronic submission other than utilization of the E-Ballot Portal. Any Ballots not counted or considered pursuant to this Paragraph shall be noted in the Voting Certification filed with the Court pursuant to Paragraph 28. The Ballots shall be made available to the Office of the United States Trustee for the Northern District of New York upon request.

26. If any Creditor seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such Creditor shall serve a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim for purposes of voting to accept or reject the Joint Plan on or before the 21st ~~10th~~ day *JWAK* after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.

27. Any Rule 3018 Motion shall (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (iii) set forth the name of the party asserting the Rule 3018 Motion, and (iv) state with particularity the legal and factual bases for the Rule 3018 Motion. In the event a Rule 3018 Motion is filed, the Diocese shall provide such creditor with a provisional Ballot, to be counted only in accordance with the terms of any order adjudicating such Rule 3018 Motion entered by the Court prior to the Voting Deadline.

28. Upon Stretto's completion of the tabulation of Ballots, the Diocese shall file a Voting Certification with the Court no later than August 1, 2024, including a list of Joint Plan acceptances and rejections, which list shall be filed with the Court under seal. *JWAK*

11

17627570.6

29. The hearing on Confirmation of the Joint Plan (the "Confirmation Hearing") shall commence at 10:00 a.m. **(prevailing Eastern time)** on **September 16, 2024** and continue thereafter as necessary. The Confirmation Hearing will be held in the 2nd floor Courtroom at the James M. Hanley Federal Building, 100 S. Clinton Street, Syracuse, N.Y. 13261; in light of the expected live-witness testimony, the Confirmation Hearing will be held in person only and may not be accessed telephonically.

*JWAK*

30. The Confirmation Hearing Notice setting forth, among other things, (i) the date of approval of the Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline (as defined herein), and (v) the time, date, and place for the Confirmation Hearing, substantially in the form annexed hereto as ***Exhibit 4*** is approved, and shall be served upon the Diocese's creditor matrix and all other parties in interest no later than the Solicitation Commencement Date.

31. The Publication Notice, substantially in the form attached to this order as ***Exhibit 5*** is approved, and the Diocese shall cause the Publication Notice to be published once in either *The New York Times* or *USA Today* and in each of *The Post Standard*, *The Rochester Democrat & Chronicle*, *The Observer-Dispatch*, *The Press & Sun Bulletin*, *The Albany Times Union*, *The Catholic Sun, North Country* Catholic, and *The Evangelist*, not less than twenty-one (21) days before the Confirmation Hearing.

32. Service of the Confirmation Hearing Notice, together with the Publication Notice, as set forth herein, is hereby found to be adequate and reasonably calculated under the circumstances to comply with the due process rights of all creditors and parties in interest, including without limitation, all holders of Abuse Claims that may be subject to the channeling injunction provided for under the Joint Plan, in accordance with the standards established in

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012), and no other or further notice of the Confirmation Hearing is necessary or shall be required.

33. The Confirmation Hearing may be adjourned or continued from time to time by (a) the Court or (b) the Diocese with the Committee's consent, without further notice except for as announced in open court or as filed on the Court's docket. The Joint Plan may be modified pursuant to section 1127 of the Bankruptcy Code.

34. Objections or responses to confirmation of the Joint Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name and address of the objecting party; and (d) state the basis for the objection, and the specific grounds therefor. All objections and responses must be filed and served <ins>no later than August 21, 2024 at 5:00 p.m (prevailing Eastern time) as</ins> <del>the date</del> specified in a scheduling order for the Confirmation Hearing (the "<u>Scheduling Order</u>"). All objections or responses must be served upon the following parties: (i) counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, NY 13202, Attn: Stephen A. Donato, Charles J. Sullivan, and Grayson T. Walter, (ii) the Office of the United States Trustee for the Northern District of New York, 10 Broad Street, Room 105, Utica, NY 13501, Attn: Joseph W. Allen and Erin Champion, (iii) counsel to the Official Committee of Unsecured Creditors, Stinson LLP, Attn. Robert T. Kugler & Edwin H. Caldie, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, and (iv) those persons who have formally appeared and requested service in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

*JWAK*

35.  The Diocese and any other party in interest supporting the Joint Plan shall file a reply to any objections to confirmation, if any, <ins>no later than August 30, 2024 at 5:00 p.m (prevailing Eastern time) as</ins> ~~by the date~~ specified in the Scheduling Order.  *JWAK*

36.  Objections to confirmation of the Joint Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.  The Office of the United States Trustee for the Northern District of New York reserves its rights with respect to objections to confirmation that may have been raised in connection with the Hearing.

37.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

38.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

###