**BOND SCHOENECK & KING**

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**
600 Third Avenue | New York, NY 10016-1915 | **bsk.com**

**STEPHEN A. DONATO, ESQ.**
donatos@bsk.com

Syracuse
P: 315.218.8336
F: 315.218.8436

New York
P: 646.253.2351
F: 646.253.2301

July 10, 2024

**VIA ELECTRONIC FILING**

Honorable Wendy A. Kinsella
United States Bankruptcy Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13202

In re: *The Roman Catholic Diocese of Syracuse, New York (Chapter 11 Case No. 20-30663 WAK)*

Dear Judge Kinsella:

We write in advance of the Section 105(a) conference scheduled by the Court for July 11, 2024 at 2:00 p.m. in order to (a) apprise the Court concerning the tabulation of Class 5 claimant votes (the "Abuse Claimants") submitted before the voting deadline of July 1, 2024 in connection with the Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New York [Dkt. No. 1848] (the "Joint Plan") proposed by The Roman Catholic Diocese of Syracuse, New York (the "Diocese") and the Official Committee of Unsecured Creditors (the "Committee" and collectively with the Diocese, the "Plan Proponents"), and (b) respond to the letter filed on the docket by Harris Winsberg on behalf of Interstate Fire & Casualty Company and Fireman's Fund Insurance Company ("Interstate") joined by Certain Insurers and Lloyds, London and London Market Companies ("LMI" and together with Interstate, the "Certain Insurers") on July 1, 2024 [Docket No. 2022] seeking a conference with the Court and attaching the Supreme Court's decision in *Harrington v. Purdue Pharma L.P., No. 23-124* (June 27, 2024) ("*Purdue*").

At the outset, we are very pleased to inform the Court that the Abuse Claimants have voted overwhelmingly in support of the Joint Plan, with 303 Abuse Claimants voting to accept the Joint Plan and only two voting to reject.

Since the announcement of the *Purdue* decision, the Plan Proponents have been focused on its implications for the Joint Plan. At this time, and based on the overwhelming support

18073351.v2-7/10/24

July 10, 2024
Page 2

of the Joint Plan demonstrated by the Abuse Claimants, the Plan Proponents believe that the Joint Plan is confirmable notwithstanding the limitations imposed by *Purdue*, and that it will not be necessary to re-solicit votes on the Joint Plan as a result of the Supreme Court's recent decision.

At the current stage of these proceedings, the parties have participated in years of mediation yielding an agreed settlement between the Diocese and the Committee, and this Court has conducted numerous hearings over the course of more than four months to consider insurer comments to the Disclosure Statement. It should be noted that with the exception of the insurers and the United States Trustee, no other objections were raised. As of July 1, 2024, the date of the Certain Insurers' letter, the Plan Proponents completed solicitation of votes for acceptances of the Joint Plan. As noted, 99% of the Abuse Claimants who voted have accepted the Joint Plan. The Diocese respectfully submits that the time and resources of the Diocese's chapter 11 estate devoted to this process should not be discarded without taking careful stock of the available alternatives for achieving a distribution to claimants while following the guidance of the *Purdue* decision.

The Plan Proponents are actively engaged in developing a strategy for demonstrating that Joint Plan may be approved notwithstanding the limitations on non-consensual third-party releases noted by the Supreme Court in its *Purdue* decision. The Plan Proponents will update the Court concerning this approach at the status conference set for this Thursday.

Thank you for your consideration.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

Stephen A. Donato

SAD/ta

18073351.v1-7/10/24
18073351.v2-7/10/24