EXHIBIT A to THE PLAN PROPONENTS' OMNIBUS REPLY TO NEW OBJECTIONS TO THE DISCLOSURE STATEMENT

| Objection Location | Disclosure Statement/Fourth Amended Plan Section | Summary of Objection | Summary of Reply and Citation to Relevant Section of this Reply |
|---|---|---|---|
| LMI Objection at p. 15-17. | Fourth Amended Plan at § 4.4.4. | The Plan is patently unconfirmable because the Court cannot adjudicate or estimate personal injury tort claims pursuant to 28 U.S.C. § 157(b)(5). | LMI does not have standing to raise this objection. The Court is not adjudicating or estimating personal injury tort claims under the Fourth Amended Plan. Instead, it is approving a settlement between the Plan Proponents regarding the treatment for Non-Participating Abuse Claimants. *See* Reply, ¶¶ 23-24. |
| LMI Objection at p. 20-21. | Fourth Amended Plan at §§ 2.3.5, 4.4.3, and 4.4.9. | The Plan is patently unconfirmable because it treats Consenting Abuse Claimants and Non-Participating Abuse Claimants, who are similarly situated, differently, in violation of 11 U.S.C. § 1123(a)(4). | LMI does not have standing to raise this objection. Class 5 Claimants are provided with an "equal opportunity to recover on their claims." *See* Reply, ¶¶ 25-30. |
| LMI Objection at p. 21-22. | Fourth Amended Plan at § 2.3.5.h. | The Plan is patently unconfirmable because the Committee cannot unilaterally act as attorney in fact for Consenting Abuse Claimants. | LMI does not have standing to raise this objection. The Committee will be acting as attorney in fact for Consenting Abuse Claimants for the limited purpose of authorizing modifications to the Fourth Amended Plan to minimize the administrative burden that may result from further amendment to the Fourth Amended Plan. Any modification must be approved by the Court. *See* Reply, ¶¶ 31-32. |

| Objection Location | Disclosure Statement/Fourth Amended Plan Section | Summary of Objection | Summary of Reply and Citation to Relevant Section of this Reply |
|---|---|---|---|
| LMI Objection at p. 15; Certain Insurers' Objection at ¶¶ 29-50; Travelers' Objection at ¶¶ 23-24. | Fourth Amended Plan at §§ 12.2, 12.3, and 12.5. | The Fourth Amended Plan releases or enjoins the Insurers' Claims against non-Debtor entities. | The Insurers do not have claims against the non-Debtor entities. Additionally, the Insurers' claims against non-Debtor entities are not wholly released or are otherwise satisfied in full, and thus there is no violation of the *Purdue* Decision.<br><br>*See* Reply, ¶¶ 35-41. |
| Certain Insurers' Objection at ¶¶ 51-54. | Fourth Amended Plan at § 8.8.3. | Section 8.8.3 of the Fourth Amended Plan improperly limits the Certain Insurers' entitlement to relief on claims asserted against non-Debtors. | Section 8.3.3 does not infringe on the rights of the Insurers because the Court has the jurisdiction to approve Section 8.3.3 and the Insurers are not entitled to *enhanced* rights as a result of the bankruptcy case.<br><br>*See* Reply, ¶¶ 42-43. |
| Certain Insurers' Objection at ¶¶ 55-59; UST Objection at p. 39-40. | Fourth Amended Plan at § 12.9. | The Fourth Amended Plan's Exculpation Provision violates the *Purdue* Decision and/or is too broad. | The Court previously overruled objections on the basis that the Exculpation Provision was too broad, and *Purdue* does prohibit the Exculpation Provision.<br><br>*See* Reply, ¶¶ 44-47. |
| Travelers' Objection at ¶¶ 25-26. | Disclosure Statement, Art. I, Introduction. | The Disclosure Statement does not detail what consideration the Participating Parties are providing. | The adequacy of the Participating Parties' consideration for the releases they will receive under the Fourth Amended Plan is not an appropriate inquiry.<br><br>*See* Reply, ¶¶ 48-52. |

18613060.v5-10/25/24