UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>The Roman Catholic Diocese of Syracuse, New York<br><br>                 Debtor. | Case No. 20-30663<br><br>Chapter 11 |

**MOTION BY SURVIVOR CLAIMANT 151 TO MODIFY THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)**

Survivor Claimant 151 (the "Movant"), through undersigned counsel, respectfully moves (the "Motion") for entry of an order modifying the stay pursuant to 11 U.S.C. §362(d) to allow the defendants the Movant's action in the Supreme Court of the State of New York to take the Movant's deposition and allow the Supreme Court of the State of New York, County on Onondaga to take action to ensure the Movant's deposition occurs expeditiously given the Movant's diagnosis of metastatic brain cancer.

## INTRODUCTION

1. The Movant is seeking an Order for a very limited modification of the stay: to allow the Movant's deposition be taken immediately in his CVA Action (defined below) to preserve his testimony and allowing the Supreme Court of the State of New York to take action to ensure the Movant's deposition occurs immediately.

2. The Movant has been diagnosed with metastatic brain cancer and is undergoing chemotherapy and radiation treatment. Given his poor health, it is imperative that his testimony is preserved as soon as possible to ensure the Movant has the opportunity to tell his story of the

horrific sexual abuse he endured as a child. If this relief is not granted, the Movant could be forever deprived of justice and the opportunity to tell his story under oath, which he has waited decades to do. As the State Court Defendants (defined below), are not participants of this Bankruptcy proceeding the Movant's CVA Action will be permitted to proceed once the Bankruptcy is resolved. Accordingly, allowing this extremely limited relief from the stay designed only to preserve the Movant's testimony for his CVA Action will have no impact on the Bankruptcy case, the Debtor's Estate or other creditors.

3. As such, and for the reasons stated below the Movant's motion should be granted.

## FACTUAL BACKGROUND

4. The Movant was repeatedly sexually abused when he was a child by William Martin and Brendan Fitzgerald of Christian Brothers Academy in Syracuse.

5. On February 14, 2019, the New York Child Victims Act ("CVA") was signed into law. The CVA opened a window for survivors of sexual abuse to bring lawsuits that had previously been time barred by New York's statute of limitations.

6. Pursuant to the CVA, on March 22, 202020, the Movant filed an action in the Supreme Court of the State of New York, County of Onondaga (the "CVA Action") against the Debtor, Christian Brother's Academy, District of Eastern North America – the Brothers of the Christian Schools, and William Martin (collectively, the "State Court Defendants").

7. On June 19, 2020, the Debtor declared Bankruptcy and the CVA Action was stayed.

8. The Movant has been diagnosed with metastatic brain cancer and is undergoing chemo and radiation. As such, there is a serious and legitimate concern that the Movant will not survive to the completion of this Bankruptcy proceeding and, therefore, it is imperative that his

deposition be taken immediately to preserve his testimony and allow the Movant a change to finally tell his story of the horrific sexual abuse he suffered as a child.

9. The undersigned contacted counsel for the Debtor and State Court Defendants and asked them each to consent to this request on Thursday, April 3, 2025. ***The Debtor consented to the relief requested***, as did counsel for the District of Eastern North America- the Brothers of the Christian Schools. While the undersigned has communicated with counsel for Christian Brothers Academy and William Martin regarding this request, neither has indicated their position on the Movant's request. Given the urgent nature of this request, the Movant could not wait for responses from the State Court Defendants before filing this motion.

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§1408 and 1409.

11. The statutory predicate for the relief sought herein is 11 U.S.C. §362(d).

12. No prior request for the relief sought in this Motion has been made to this or any other Court.

## RELIEF REQUESTED

13. Movant respectfully requests entry of an order pursuant to 11 U.S.C. § 362(d)(1) modifying the automatic stay to permit the Movant to prosecute the State Court Action against the Debtor and other defendants in the State Court Action. If stay relief is granted, the Movant will pursue its State Court Action to judgment, but will not enforce the judgment against the Debtor without further order of the Court.

## BASIS FOR RELIEF

14. 11 U.S.C. § 362(a) provides for a stay of, among other things:

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . .

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . .

11 U.S.C. § 362(a).

15. 1 1 U.S.C. § 362(d)(1) directs the Court to grant relief from the stay provided for by 11 U.S.C. § 362(a) for cause after notice and a hearing.

16. The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." *In re Sonnox Industries, Inc.* 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. *Id.* at 1285; *In re Mazzeo*, 167 F.3d 139. 142 (2d Cir. 1999).

17. The Second Circuit has set forth the following list of twelve-factors relevant to the determination of whether cause exists under 11 U.S.C. §362(d)(1):

    (1) whether relief would result in a partial or complete resolution of the issues;
    (2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286; *see also Mazzeo*, 167 F.3d at 142-43; *In re Deep*, 279 B.R. 653, 657 (Bankr. N.D.N.Y. 2002) (Littlefield, J.).

18. Not all of the factors are relevant in every case, id., and "the Court need not assign equal weight to each factor." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *Id.*

19. Only factors 2, 4, 6, 7 and 12 are relevant here. The State Court Defendants are not parties to the bankruptcy and any resolution of the Movant's claim in this proceeding against the Debtor will have no impact on the Movant's claims against the State Court Defendants and, therefore, allowing this limited relief will not interfere with the Bankruptcy case. Moreover, and accordingly, the CVA Action, and the extremely limited relief requested by the Movant, primarily involve third parties, i.e. the State Court Defendants. To that same end, permitting the deposition of the Movant to proceed in the CVA Action would have no impact whatsoever on any of the other creditors of the Debtor. Additionally, the Movant initially filed the CVA Action in the Supreme

Main Document    Page 6 of 7

Court of the State of New York which routinely oversees discovery, including depositions. The Supreme Court of the State of New York is the proper venue to oversee and ensure the deposition of the Movant occurs expeditiously.

20. Most importantly, the Movant will suffer irreparable harm if this limited stay relief is not granted and, if it is granted, no party would suffer any prejudice whatsoever. Importantly, ***the Debtor and one of the State Court Defendants have already consented to this relief.*** The Bankruptcy proceeding will not resolve the Movant's claims against the State Court Defendants. If the Movant were not sick and his survivability was not in question, once this bankruptcy proceeding concluded and the stay was lifted the State Court Defendants would still participate in litigation, including discovery and depositions, in the CVA Action. Granting this relief would only ensure that the Movant's testimony is preserved in the event his medical condition, including his diagnosis of metastatic brain cancer, prevents him from being able to testify in the future.

21. Conversely, if this motion is not granted, and the Movant does not get the opportunity to preserve his testimony about the horrific sexual abuse he endured as a child, the harm to the Movant would be irreparable and insurmountable. The prejudice to the Movant if this relief is not granted cannot be overstated. There is no greater harm than depriving the Movant, a survivor of sexual abuse, the chance to tell his story and achieve justice. The Movant is simply seeking the opportunity to be heard, to testify under oath about the sexual abuse he endured as a child—something he has waited decades to do.

22. As such, the Movant respectfully request this Court modify the stay in the CVA Action for the limited purpose of proceeding with the Movant's deposition and for the Supreme Court of the State of New York to take action to ensure said deposition occurs expeditiously.

## **CONCLUSION**

WHEREFORE, the Movant respectfully requests that the Court enter an order, granting the Motion and entering such other and further relief as the Court deems appropriate.

Dated: New York, New York
      April 9, 2025

MERSON LAW, PLLC

By: *Sarah Cantos*
Sarah R. Cantos, Esq.
950 Third Avenue, 18th Floor
New York, NY 10022
Tel: (212) 603-9100
Fax: (347) 441-4171
scantos@mersonlaw.com