UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of Syracuse, New York,

Debtor.

Case No. 20-30663

Chapter 11

---

The Roman Catholic Diocese of Syracuse, New York, *et al.*,[2]

Plaintiff,

v.

Arrowpoint Capital, *et al.*,

Defendants.

Adv. Proc. No. 21-50002

**MOTION FOR ENTRY OF AN ORDER APPROVING
THE FORM AND MANNER OF NOTICE OF THE DIOCESE'S
MOTION TO APPROVE PROPOSED INSURANCE SETTLEMENTS**

The Roman Catholic Diocese of Syracuse, New York (the "Diocese"), by and through its undersigned counsel, hereby moves this Court (this "Motion") for entry of an order, substantially in the form attached hereto as ***Exhibit A***, approving the proposed form and manner of notice for the hearing on the Diocese's upcoming motion to approve certain settlement agreements (the "Settlement Motion").[3] In support of this Motion, the Diocese respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2).

---

[2] The Caption has been abbreviated pursuant to Federal Rule of Civil Procedure 10 and Federal Rule of Bankruptcy Procedure 7010. The full caption in this adversary proceeding is set forth in the Adversary Complaint found at Docket No. 1.

[3] The Diocese anticipates it will file Settlement Motion on or before July 2, 2025.

21823496.v2

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule-based predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. § 101, *et seq*., as amended, the "Bankruptcy Code") and Rules 2002, 9008, and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On June 19, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq*., the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

6. On July 9, 2020, the Office of the United States Trustee filed notice of the appointment of an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Bankr. Docket No. 38]. As of the date of the filing of this Motion, no other official committees have been appointed or designated.

7. On November 27, 2024, the Diocese and the Committee filed the *Fifth Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New York* [Bankr. Docket No. 2337] (the "Plan")[4] and the *Disclosure Statement in Support of the Fifth Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Syracuse, New York* [Bankr. Docket No. 2338] (the "Disclosure Statement").

---

[4] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Plan.

21823496.v2

8.	Also on December 23, 2024, the Court entered its *Order (i) Approving Disclosure Statement; (ii) Approving Solicitation Packages and Distribution Procedures; (iii) Approving the Form and Manner of Ballots and Establishing Procedures for Voting on Fifth Amended Joint Plan and for Consenting to Third-Party Releases; (iv) Approving the Form, Manner, and Scope of Confirmation Notices; (v) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of Fifth Amended Joint Plan; and (vi) Granting Related Relief* [Bankr. Docket No. 2398] (the "Disclosure Statement Order"). Among other things, the Disclosure Statement Order approved a form of notice of the hearing on confirmation of the Plan for publication in multiple newspapers.

9.	The Settlement Motion will seek court approval of negotiated settlements (the "Settlement Agreements") between the Diocese, Participating Parties, and the Committee on the one hand and (i) London Market Insurers, (ii) Catholic Mutual Relief Society of America, (iii) Excelsior Insurance Company, (iv) TIG Insurance Company, North River Insurance Company, and U.S. Fire Insurance Company (collectively, the "TIG Insurers"), (v) Interstate Fire & Casualty Company, National Surety Corporation, and Fireman's Fund Insurance Company (collectively, the "Interstate Insurers"), (vi) The National Catholic Risk Retention Group, Inc., (vii) Utica Mutual Insurance Company, (viii) Nationwide Mutual Fire Insurance Company, (ix) Hartford Fire Insurance Company, (x) Hanover Insurance Company, and (xi) Excelsior Insurance Company (collectively referred to as the "Settling Insurers") on the other. The Settlement Agreements require that the Diocese provide certain notice of the hearing to be held on the Settlement Motion, including notice to all Abuse Claimants known to, or reasonably ascertainable by, the Diocese, and by publication.

21823496.v2

## RELIEF REQUESTED

10. By this Motion, the Diocese respectfully requests that the Court enter an order approving the proposed form and manner of notice of the hearing on the Settlement Motion.

11. The Diocese proposes to provide notice of the Settlement Motion as follows:

**A.    Direct Mail Notice to Known Creditors.**

12. The Diocese will serve, by United States mail, first-class postage prepaid, notice of the Settlement Motion substantially in the form attached hereto as ***Exhibit B*** (the "Direct Mail Notice") upon (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for the Committee; (iii) counsel for each of the defendants in Adversary Proceeding No. 21-50002; (iv) all required governmental agencies; (v) all parties who have formally appeared in this Chapter 11 Case and requested notice in accordance with Bankruptcy Rule 2002; (vi) all persons, or their attorneys, known to the Diocese or the Participating Parties to assert claims against the Diocese and/or any of the Participating Parties based upon allegations of sexual abuse; (vii) the Secretary of the Department of Health and Human Services; (viii) the Centers for Medicare and Medicaid Services; (ix) the United States Attorney for the Northern District of New York; (x) all known creditors of the Diocese; and (xi) all other persons who are known to the Diocese to have asserted any rights under the Subject Policies or whose interests would otherwise reasonably be expected to be affected by the transactions contemplated in the proposed Settlement Agreements (collectively, the "Notice Parties").

13. With respect to holders of Abuse Claims, the Diocese proposes to serve the Direct Mail Notice in the following manner: to the noticing address included on each such Abuse Claimant's proof of claim or Abuse Action complaint, in each case based on the information reflected on Stretto's claim register as of the date that is five business days prior to the date of

service (the "Service Address"); *provided, however*, that if the Service Address for any given Abuse Claimant is the address of such Abuse Claimant's attorney of record in this Chapter 11 Case (including as shown on the Abuse Claimant's proof of claim) or the applicable Abuse Action, then the Diocese (or Stretto on behalf of the Diocese) shall serve the Direct Mail Notice on such Abuse Claimant's attorney only (and not on the Abuse Claimant personally) unless such Abuse Claimant or attorney has notified Stretto that the representation has terminated.

### B.    Publication Notice

14.    In addition to providing direct notice to all known Creditors, the Diocese proposes to cause a notice in substantially the form attached hereto as **Exhibit C** (the "Publication Notice") to be published at least once, on or before July 15, 2025 (i) in either the *New York Times* or *USA Today*, and (ii) in each of *The Post Standard*, *The Rochester Democrat & Chronicle*, *The Observer-Dispatch*, *The Press & Sun Bulletin*, *The Albany Times Union*, *The Catholic Sun*, *North Country Catholic*, and *The Evangelist*.

15.    The Diocese respectfully submits that the proposed notice procedure will satisfy the publication requirements of the Settlement Agreements, and will provide more than adequate notice of the Settlement Motion and the relief requested therein.

16.    In addition, the Diocese proposes to post the Publication Notice on the Diocese's website, the website maintained for this bankruptcy case by Stretto, any website created by the Committee or its counsel for this Bankruptcy Case, and on the Diocese's social media accounts on X (formerly known as Twitter), Facebook, and Instagram, as applicable.

**BASIS FOR RELIEF**

17. Bankruptcy Rule 9019 provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

18. Bankruptcy Rule 2002(a)(2) provides for a 21 day notice to all creditors of any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice. Fed. R. Bankr. P. 2002(a)(2).

19. Bankruptcy Rule 2002(c)(1) provides that the notice of a proposed sale of property outside the ordinary course of business must contain the terms and conditions of any private sale and the time fixed for filing objections. Fed. R. Bankr. P. 2002(c)(1).

20. Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules. Fed. R. Bankr. P. 2002(m).

21. Bankruptcy Rule 9008, provides, *inter alia*, that:

> Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications.

Fed. R. Bankr. P. 9008. Notice by publication is expressly authorized by Bankruptcy Rule 2002. Fed. R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice").

22. In order to satisfy the requirements of due process, notice of the Settlement Motion should be reasonably calculated to apprise interested persons of the hearing on the

21823496.v2

Settlement Motion. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the Diocese. *See Grant v. U.S. Home Corp. (In re U.S.H. Corp. of NY)*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998); *see also Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir, 1995). "Known" creditors must receive actual notice of bankruptcy proceedings. *See id.* at 345. By contrast, notice by media publication is sufficient to satisfy the requirements of due process for "unknown" creditors. *See id.* at 346-47.

23. A "known" creditor is one whose identity is either known or "reasonably ascertainable by the Debtor." *Chemetron Corp.*, 72 F.3d at 346 (citing *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988)). By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of the Debtor. *Mullane*, 339 U.S. at 317.

24. In such cases, the Supreme Court has recognized that notice by publication can satisfy due process. *Id.* ("[I]n the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.") *citing Cunnius v. Reading School District*, 198 U.S. 458 (1905).

25. The Diocese respectfully submits that it is neither necessary nor practicable to provide personal notice of the Settlement Motion to each and every one of the hundreds of thousands of people who are current or former parishioners, students, seminarians, employees and others who have been patrons of Diocesan programs or otherwise interacted with the Diocese over the years. Especially now that the bar date to assert prepetition claims against the

21823496.v2

Diocese has passed, the Diocese respectfully submits that the list of Notice Parties encompasses all creditors of the Diocese who are known to, or reasonably ascertainable by, the Diocese, and whose rights may be affected by the Settlement Motion. Accordingly, the Diocese respectfully submits that limiting the Direct Mail Notice to the Notice Parties is adequate and reasonable under the circumstances.

26. The Diocese further submits that service of the Direct Mail Notice and publication of the Publication Notice, as described above, is reasonably calculated under the circumstances to apprise all known persons, and any potential unknown or otherwise unreachable person, who may have an interest in the Settling Insurer Policies or whose rights may be affected by the Settlement Agreements of the pending Settlement Motion. Accordingly, the Diocese respectfully submits that the foregoing procedures provide adequate notice of the Settlement Motion, and therefore requests that the Court approve such notice as adequate and find that no other or further notice is required or necessary.

## NOTICE

27. Notice of this Motion will be given to (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for the Committee; (iii) all required governmental agencies; and (iv) all parties who have formally appeared in this Chapter 11 Case and requested notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Diocese respectfully submits that no additional notice is necessary or required.

## CONCLUSION

**WHEREFORE**, the Diocese respectfully requests that the Court enter an order, in substantially the form attached hereto as *Exhibit A*, approving the proposed form and manner of

notice of the Settlement Motion, and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 11, 2025 | BOND, SCHOENECK & KING, PLLC |

By /s/ *Stephen A. Donato*
Stephen A. Donato (Bar Roll #101522)
Charles J. Sullivan (Bar Roll #507717)
Grayson T. Walter (Bar Roll #518237)
Andrew S. Rivera (Bar Roll # 700712)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails:   sdonato@bsk.com
          csullivan@bsk.com
          gwalter@bsk.com
          arivera@bsk.com

*Attorneys for The Roman Catholic Diocese of Syracuse, New York*